449 So.2d 128 (1984)
STATE of Louisiana
v.
Stanley BLUNT.
No. KA 0338.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*129 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight M. Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
Defendant, Stanley Blunt, was charged by bill of information with armed robbery in violation of La.R.S. 14:64. A jury found the defendant guilty as charged on July 24, 1982. The State of Louisiana subsequently charged the defendant as a multiple offender in accordance with La.R.S. 15:529.1. After a hearing, the trial judge found the defendant guilty on the multiple bill and sentenced him to serve thirty-three and one-third years at hard labor. Defendant appeals this conviction and sentence.
The facts of this case are as follows: On the evening of August 3, 1981, Ms. Victorine Matthews walked out of a lounge and was accompanied to her car by Mr. Cedric Cook. Ms. Matthews and Mr. Cook were approached by an assailant as Ms. Matthews was starting her car. The assailant carried what appeared to be a pistol and demanded that Matthews and Cook surrender their valuables to him. Jewelry, cash and Ms. Matthews' car were stolen from the victims. The victims pursued their assailant in Mr. Cook's car for a short distance until they lost sight of him. The incident was then reported to the police.
On the following day, August 4, 1981, the stolen vehicle was spotted by the police. The defendant was driving the car and was commanded to stop by the police. The defendant refused to stop the car and a high-speed chase ensued. The chase ended when the car driven by the defendant collided with another police car which had been summoned for assistance. The defendant was then arrested and was later booked with the armed robbery which had occurred the evening before after being picked out of a photographic lineup by Ms. Matthews. Mr. Cook was unable to make an identification of the armed robber, having told police that he would not recognize his assailant if he saw him again. Therefore, the defendant was only charged with the armed robbery of Ms. Matthews. Ms. Matthews positively identified the defendant as her assailant again at trial.
As an alibi, the defense offered the testimony of Marsha Johnson who testified that the defendant was at her home on the evening of the armed robbery. Additionally, a police officer testified that, two days after the robbery, he arrested Michael Coleman for having the victim's credit cards in his possession. Coleman claimed that he found the cards on the street.
The defendant's mother testified that she had overheard Ms. Matthews state to the district attorney at an earlier court proceeding that the defendant was not her assailant. This testimony contradicted Ms. Matthews' earlier statement on cross-examination that she had not made this alleged statement to the district attorney. The district attorney then took the stand as a rebuttal witness and testified that at no time did Ms. Matthews ever tell him that the defendant was not her assailant. Therefore, he contradicted the testimony of the defendant's mother.
On appeal, the defense alleges two assignments of error:
1) The trial court erred in denying the defense access to the State's information concerning members of the jury panel; and
2) The trial court erred in allowing the prosecutor to testify as a witness and then continue in his role as prosecutor in the case.
A review of the record discloses that there are no errors patent.
Although not alleged as an assignment of error, the sufficiency of evidence to support *130 appellant's conviction must be reviewed as per State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
The appellant was convicted of armed robbery. In order to support this conviction, the State had to prove that the appellant committed (1) a theft; (2) of anything of value; (3) from the person of or from the immediate control of another; (4) by use of force or intimidation; (5) while armed with a dangerous weapon. In this case, jewelry, cash and a car were taken from Ms. Matthews and Mr. Cook after the defendant threatened them with a gun and insisted that they comply with his demands. Ms. Matthews unhesitatingly identified the appellant as the man who robbed her and Mr. Cook. Viewing the facts in the light most favorable to the prosecution, the jury could have convicted the appellant of armed robbery. State v. Bruins, 407 So.2d 685 (La.1981); State v. Tucker, 405 So.2d 506 (La.1981).

ASSIGNMENT OF ERROR # 1
Prior to trial, the defense requested and was denied information gathered by the State's arrest register concerning prospective jurors' arrests and convictions as well as their voting records in previous cases. The defense argued that use of the computerized arrest register gave the State an unfair advantage over the defendant in selection of the jury.
It is well settled that in order to obtain the voting records held by the prosecution, the defendant must show that the records are necessary to prevent undue prejudice, hardship or injury to the defendant. State v. Swift, 363 So.2d 499 (La. 1978). The two-prong test which defendant must satisfy is: (1) that the defense cannot practicably obtain the information, and (2) that the State intends to use the information in selecting the jury. Swift, p. 501.
As for the first prong, the State argues that this information is available to the defense through public records and may be gathered from jurors on voir dire examination. State v. Wright, 344 So.2d 1014 (La.1977); State v. Holmes, 347 So.2d 221 (La.1977); State v. Swift, supra. The defense contends that gathering this information through public records is a monumental task which should not be required of a defense attorney. Additionally, the defense argues that the direct questioning of prospective jurors as to their arrests and convictions is impractical in that it results in the alienation of prospective jurors.
The defendant has failed to satisfy the first prong of this test; i.e. that the information was not practicably obtainable through alternative means. The defendant had the opportunity on voir dire to obtain information from prospective jurors as to their arrests, convictions and voting records in previous cases. However, the defendant chose not to ask these questions on voir dire for fear of alienation of the jury. Much of this information about prospective jurors was also available to defendant in that the Office of the Indigent Defender Program keeps records similar to those of the District Attorney's Office. This factor was noted in the case of State v. Swift, supra.
As for the second prong of this test, the State only stipulated that it possessed the information in question; the State did not say that it planned to use the information in the selection of the jury. (Tr. at pp. 30-31). The defense argues that the State stipulated that it planned to use the information contained in the arrest register.
The transcript in this case clearly reveals that the defendant did not satisfy the second prong of the Swift test; i.e. that the State intended to use the information in selecting the jury. The State merely acknowledged possession of the information in question.
*131 Accordingly, counsel for the defendant has failed to make a clear showing of unfair prejudice to the defendant in this case. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR # 2
Defendant's second assignment of error concerns the rebuttal testimony of an assistant district attorney who participated in the prosecution of this case. The defense called the defendant's mother to the stand where she testified that she had previously overheard the victim tell Assistant District Attorney Cliff Strider that the defendant was not her assailant. This testimony contradicted Ms. Matthews' earlier statement during cross-examination in which she directly refuted the defense's allegation that the defendant was not her assailant. The State then called Mr. Strider to the stand as a rebuttal witness. Mr. Strider testified that at no time did Ms. Matthews ever tell him that the defendant was not the person who had robbed her. (Tr. at p. 375). In doing so, Mr. Strider corroborated Ms. Matthews' testimony and contradicted Mrs. Blunt's testimony. Before Strider took the stand, the defense argued that he should not be allowed to testify. In the alternative, the defense urged that once Strider testified, he should not have been allowed to continue to act as prosecutor in the case. The trial judge denied both motions. Defendant assigns as error the denial of these motions.
The controlling case on this issue is that of State v. Miller, 391 So.2d 1159 (La.1980). In Miller, the Louisiana Supreme Court recognized that the prosecuting attorney is a competent witness even though this practice is discouraged. The court found that even if the ruling of the trial judge to allow the prosecutor to testify and remain in the case was erroneous, this error was harmless in light of the fact that the prosecutor was called as an impeachment witness and that his testimony was cumulative of other witnesses' testimony. The Miller case is factually similar to the instant case in that respect. Additionally, any error in allowing this testimony was harmless because Mr. Strider was the last witness to testify at this trial and he was not the State's principal witness. Therefore, the admission of the testimony of Mr. Strider in the instant case was harmless error, if any, and the defendant has failed to prove that Strider's failure to withdraw from the case after testifying had a prejudicial effect on the defendant.
Finding no reversible error in the record before us, we affirm defendant's conviction and sentence.
AFFIRMED.