CRAIN, Judge.
Richard Glen Reado, (defendant), also known as Richard Pleasant, was charged by bill of information with armed robbery, and attempted first degree murder. La.R.S. 14:64, 14:27 and 14:3o.[1] Defendant pled not guilty and was tried by a jury, which returned the verdict of guilty of armed robbery. After a hearing, defendant was sentenced to serve seventy-five years at hard labor, without the benefit of probation, parole or suspension of sentence. He has appealed, alleging three assignments of error:
*273 1. The trial court erred in denying defendant’s motion to quash the information as untimely.
2. The trial court erred in restricting defendant’s voir dire examination.
3. The trial court erred in denying defendant’s challenge for cause.
Assignment of error number one was not briefed and is therefore considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4. [See also Rule 2-12.13.]
FACTS
Defendant was charged with the robbery of Fairylee Sewell and Shenretta Bowers at Sewell’s Grocery Store in Baton Rouge, Louisiana. The two young women were working at the store on New Year’s Eve, 1980, when two men came into the store at approximately 7:30 p.m. Ms. Sewell testified that one of the men asked her for a pack of cigarettes and a box of matches. After she complied with his requests, he pulled out a gun and told her to give him all of the money in the register. Ms. Se-well testified that, as the man pointed the gun at her, she became aware that Ms. Bowers, her co-worker, had been shot by the other man who had come into the store.
Ms. Bowers testified at trial that she was working at the cash register when the men entered. The man who came to her register mumbled something unintelligible to her. As she waited for him to repeat himself, he pulled out a gun and shot her. The bullet went through her hand before passing through her leg.
After the shooting, the two women ran to a storage room in the back of the store. As she fled, Ms. Bowers noticed a man standing at the cash register that Ms. Se-well worked. She noted that he also had a gun, and that it was larger than the gun with which she had been shot. Ms. Bowers was able to identify the man who had robbed Ms. Sewell as the defendant, having recognized him from an earlier encounter at the store. The man who shot Ms. Bowers was not identified at the trial.
ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant argues that the trial court erred in restricting his voir dire examination.
The first prospective juror examined was Michael Rice. The state began the questioning by reading to him the definition of armed robbery and explaining the four elements of the crime. The prospective juror, a college student, stated that he understood the definition of the offense. Defense counsel began his questioning as follows:
Mr. Rice, we all know a little bit about the law, even if it’s just by watching Perry Mason programs, and you seem to be a person who is sure of himself, and you said that you understood perfectly what is armed robbery, and I know that you are not an attorney and you cannot give me a one hundred percent accurate definition of armed robbery, but what do you think is armed robbery in your lay terms?
The state objected to the question based on the grounds that the opinion of the prospective juror was irrelevant. The court responded by inquiring whether or not the prospective juror would be able to accept and apply the definition as already read to him, and the prospective juror replied that he would be able to do so. Defendant now argues that because the court would not allow his question, he was unable to show that Mr. Rice was not an impartial juror, and should have been dismissed for cause.
La.C.Cr.P. art. 786 provides that the court, the state, and the defendant have the right to examine prospective jurors. The scope of the examination is within the discretion of the court. The purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competence and impartiality. State v. Ford, 349 So.2d 300 (La.1977). When a trial judge limits defense counsel to a statement of the law and a closed-end question on the juror’s ability to follow the law, he flirts with reversible error on constitutional grounds. State v. Duplessis, 457 So.2d 604 *274 (La.1984). We do not find that situation in this ease.
The elements of the crime of armed robbery had been enumerated in lay terms for the prospective juror, and he had asserted that he understood them. His opinion of the definition of armed robbery was irrelevant, in light of his previous testimony that he understood the legal definition and understood the elements of the offense. Mr. Rice had previously testified that he would be able to apply the legal concepts during jury service and he reiterated this testimony when questioned by the trial court. In the factual context of how the question was asked, it was more like a quiz than an attempt to determine the juror’s qualifications. The purpose of voir dire is to select impartial jurors, not to give them instructions on the law and then a quiz on how much they have learned.
The scope of voir dire examination is within the trial court’s discretion and its ruling will not be disturbed in the absence of a clear abuse of that discretion. State v. Burton, 464 So.2d 421 (La.App. 1st Cir.1985), writ denied, 468 So.2d 570 (La.1985). We find no abuse of discretion in the trial court excluding defendant’s inquiry.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendant argues that the trial court erred in denying his challenge for cause.
Defendant sought to exclude Janet Cox, a prospective juror who testified that her home had once been robbed. When asked by the trial judge if that incident would affect her decision in this matter, she responded as follows:
I really think that this may color my feelings because I felt very strongly about it at the time it happened.
The trial court then inquired deeper into her attitude, and the following colloquy took place:
Court: Do you feel that you will be able to divorce that unpleasant experience that you and your family suffered in making a decision in this case?
Cox: Yes.
* * * * * *
Court: Can you think of any reason why you could not give both sides a fair and impartial trial in this case?
Cox: No.
The determination of the qualifications of a juror is within the sound discretion of the trial court. Only when the exercise of that discretion is arbitrary or unreasonable, and prejudices the defendant’s ability to obtain a fair and impartial trial, will an appellate court be warranted in setting aside a verdict because of a determination of juror qualifications. State v. Williams, 458 So.2d 1315 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1317 (La.1985).
The responses of the prospective juror indicate her ability to serve fairly and impartially, despite the fact that she had once been the victim of a violent crime. We find no arbitrary or unreasonable exercise of trial court discretion. State v. Demouchet, 353 So.2d 1025 (La.1977).
For the foregoing reasons the defendant’s conviction is affirmed.
AFFIRM.

. Defendant was originally charged with attempted armed robbery. The bill was subsequently amended to charge armed robbery. Defendant was not rearraigned after the amendment. A failure to arraign the defendant, or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty. La.C.Cr.P. art. 555.