482 So.2d 15 (1985)
STATE of Louisiana
v.
Terrence L. LESTER.
No. 85 KA 0747.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*16 George H. Ware, Jr., A. Zach Butterworth and Jesse L. Means, Jr., St. Francisville, for State.
Clayton M. Perkins, Jr., St. Francisville, for defendant.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Terrence L. Lester was indicted for distribution of methamphetamine, a violation of LSA-R.S. 40:967A.[1] He was tried by a jury, which convicted him as charged; and he was subsequently sentenced to serve five years at hard labor. Defendant appealed, urging five assignments of error.[2]
Defendant was arrested after an undercover investigation in which two undercover police agents bought a quantity of methamphetamine (speed) from an individual by the name of Brian Dale Bonnette. In exchange for a probated sentence, Bonnette testified at defendant's trial on behalf of the state and related that he called upon defendant to supply the substance after he (Bonnette) originated the deal with the undercover officers. Bonnette testified that defendant drove to a bar, where the transaction took place, delivered the substance to him and accepted $100.00 in cash for the substance contained in the small plastic bag. Bonnette identified William B. Stewart, another state witness, as the individual who paid for the bag and to whom the package was delivered. Officer Stewart, a trooper first class with the Louisiana State Police, also testified and identified Bonnette as his original contact for the deal. He positively identified defendant as having been present at the bar and further described the automobile in which he saw defendant arrive.
Defendant testified on his own behalf. He confirmed that he had access to an automobile similar to that described by Stewart but denied participation in the transaction. He argues the eyewitness identification made by Stewart and Bonnette[3] was erroneous and claims to have spent the evening in question packing for a *17 trip to Arkansas, which took place the following day.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant urges the trial court erred in permitting the state to present evidence, over his timely objection, because its opening statement did not sufficiently set forth the state's case.
La.C.Cr.P. art. 766 requires the state to set forth its theory of the case only in "general terms" in the opening statement. It is not necessary that the state detail every shred of evidence in an opening statement. It is sufficient for the state to give a general description of the evidence it plans to introduce. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). The primary function of the prosecutor's opening statement is to set forth in general terms the nature of the charges sufficiently to enable the jury to follow the proceedings and to inform the accused of what acts on his part the state intends to prove. State v. Chapman, 410 So.2d 689 (La.1981); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983). In any event, if the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion, may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense. La.C.Cr.P. art. 769.
We find the opening statement adequately complies with La.C.Cr.P. art. 766. In his initial remarks, the prosecutor informed the jury that the state charged that defendant intentionally distributed methamphetamine, a controlled dangerous substance. The prosecutor later addressed the jury as follows:
What we intend to prove, what we are going to prove this afternoon is that the defendant, Mr. Lester, along with some other people, were not very far from this courthouse, not very far from this courtroom, just down the road here close to the ferry landing, a place that's commonly called the oyster bar, and while there at the oyster bar a transaction took place, a transaction in which this substance that we call methamphetamine was in effect, was transferred, was distributed, was sold. We intend to prove that this took place by the testimony of policement who are undercover agents, by the testimony of laymen. There was one layman who was present at the time. We also intend to introduce the testimony of laboratory technicians, at least one laboratory technician, as to the very nature of the substance....
This statement adequately sets forth the charge and the nature of the evidence to be presented. We find the court did not err in overruling defendant's objection.
ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error, defendant argues the trial court erred by allowing introduction of the controlled dangerous substance into evidence because the state failed to establish the chain of evidence. He admits the chain of evidence was "reasonably" sufficient in all respects except the identification of the substance.
Defendant makes much of the fact that various witnesses described the powder as "brownish", "off-white" or "white", and claims these discrepancies resulted in the introduction of inadmissible evidence because it could not be consistently identified. We note, however, that the discrepancies related to in-court identification of the substance; although each witness described the same exhibit, each perceived it to be a different color. In Bonnette's testimony, he described the substance he saw at the bar as more brownish than the white powder admitted into evidence; the other witnesses described the trial exhibit as off-white. Bonnette did, however, testify that it was dark at the time of the transaction, and he saw the contents for only "a couple of minutes." Bonnette also admitted that he was "intoxicated at the time."
Demonstrative evidence can be admitted into evidence only after it is *18 shown that, more probable than not, the evidence is connected to the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Kirkley, 470 So.2d 1001 (La.App. 1st Cir.), stay denied, 473 So.2d 61 (La. 1985), writ denied, 475 So.2d 1105 (La.1985). Moreover, showing of a continuous chain of custody is not essential to the introduction of physical evidence as long as the evidence as a whole establishes that it is more probable than not the same object originally seized. Deficiencies in the chain of custody are attributable to the weight of the evidence, not its admissibility.
Although defendant argues the chain of custody was deficient, it appears that his argument is concerned only with the visual identification. Officer Stewart positively identified the substance as that which he bought from defendant through the witness Bonnette. We do not find the different descriptions of the subject matter so conflicting as to render the visual identification suspect. The court did not err by permitting the state to introduce the exhibit.
ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, defendant argues the trial court erred in permitting the state to cross examine him as to the specifics of charges for which he had been convicted.
On cross-examination, defendant admitted that he had previously pled guilty to two charges of simple possession of marijuana. Over defendant's objection, the state was permitted to inquire if that was the offense initially charged; and defendant was forced to testify that he had actually been charged with distribution of marijuana and possession with intent to distribute marijuana. Defendant argued the state should have been permitted to inquire only about those charges of which he had been convicted.
The Louisiana Supreme Court has held that the state may cross-examine a witness as to the details of an offense for which the witness was convicted for purposes of establishing the true nature of the offense. State v. Talbert, 416 So.2d 97 (La.1982); State v. Jackson, 307 So.2d 604 (La.1975). The specifics of defendant's former charges certainly lend weight to the "knowingly" and "intentionally" elements of his conduct in the instant charge. However, care must be taken to avoid prejudice to the rights of the accused by expansive reference to details of a former conviction.
The prosecutor's questions did not go beyond the facts necessary to show the true nature of the offense. The extent to which an inquiry into prior convictions is permitted depends on the facts of each case; the trial court has great discretion to control the length and depth of the examination. State v. Williams, 445 So.2d 1171 (La.1984); State v. Miller, 449 So.2d 1361 (La.App. 1st Cir.1984), writ denied, 450 So.2d 965 (La.1985). We find no abuse of discretion herein.
ASSIGNMENT OF ERROR NUMBER FIVE
Defendant submits the trial court imposed an excessive sentence because Bonnette received a suspended sentence. He argues that inadequate consideration was given to the fact that he was convicted only on the testimony of a convicted drug dealer and that his role was shown to be merely that of the individual who delivered the substance to the dealer; no testimony was given which indicated he received any money for his part of the sale.
Initially, we note that co-defendants do not have to receive identical sentences; rather, sentences should be tailored to the particular offense and offender. State v. Jessie, 429 So.2d 859 (La.1983). Disparity of sentences is a factor to be weighed in assessing an excessiveness claim. State v. Smith, 433 So.2d 688 (La. 1983); State v. Swartz, 444 So.2d 660 (La. App. 1st Cir.1983).
*19 Although defendant apparently believes his guilt is mitigated by the fact that he distributed the methamphetamine to another dealer, we do not find his argument persuasive. Further, although defendant now asserts that his conviction is based only on the testimony of a convicted drug dealer, we find the testimony of Officer Stewart certainly contributed to the verdict. Finally, although defendant claims the record does not indicate that he received any money for his part in the sale, Bonnette specifically testified that he gave the money to defendant to pay for the drugs.
The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. The penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985). We do not find the sentence imposed herein to be an abuse of discretion.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The indictment originally charged that defendant committed the offense on May 14, 1984. Immediately before trial was to begin, the state amended the indictment to substitute the date of May 15, 1984. Defendant was not rearraigned after the amendment. A failure to arraign the defendant, or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty. La.C. Cr.P. art. 555; State v. Reado, 472 So.2d 271 (La.App. 1st Cir.1985).
[2] Assignment of error number one was expressly abandoned by counsel in his appellate brief, thus we will not address this issue.
[3] The argument as to identification by the witness Bonnette is totally without merit. Firstly, because counsel has abandoned assignment of error number one and secondly, because the identifying witness and the accused formerly shared living quarters.