489 So.2d 1069 (1986)
STATE of Louisiana
v.
Bobby Glenn ROWE.
No. KA 86 0030.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*1070 Bryan Bush, Dist. Atty., Baton Rouge, by Don Johnson Asst. Dist. Atty., for plaintiff-appellee.
Carvel A. Sims, Baton Rouge, for defendant-appellant.
Before LOTTINGER, WATKINS and CRAIN, JJ.
WATKINS, Judge.
Defendant, Bobby Glenn Rowe, was charged by bill of information with armed robbery, in violation of LSA-R.S. 14:64. He pled not guilty and elected to be tried by jury. Defendant was initially tried on July 17 and 18, 1980, convicted and sentenced to fifty years imprisonment at hard labor. On appeal, defendant's conviction was reversed, and the case remanded for a new trial. State v. Rowe, 416 So.2d 87 (La. 1982). On retrial, held March 16 and 17, 1983, the jury returned a verdict of guilty of armed robbery and he was subsequently sentenced to fifty years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, and ordered to pay court costs amounting to $782.90. From this conviction and sentence defendant has appealed, urging the following three assignments of error:
1. The trial court erred in failing to declare a mistrial when a witness volunteered the information that she had received threatening telephone calls before the trial;
2. The trial court erred in allowing the prosecutor to give testimony during the trial; and
3. The trial court erred in imposing an excessive sentence.

FACTS
The instant offense was perpetrated by defendant and co-indictees Larry James Mack and Robert Pratt. On January 3, 1980, the trio met and planned the robbery of Lee's Grocery in Baton Rouge. They decided defendant would drive the automobile; Pratt would undertake a reconnaisance mission to determine the number of persons in the store; and Mack would enter the store alone and execute the robbery.
Around 10:30 or 11:30 a.m. Mack entered the store, removed a .32 caliber Smith and Wesson revolver from his pocket and pointed it at Barbara Elizabeth Aucoin, the store's cashier and only occupant at the time. Mack announced that a robbery was occurring and instructed her to put the money in a bag. Aucoin complied placing about eighty dollars in cash and some food stamps inside a grocery bag. A pistol belonging to the store's owner was also taken. Mack ran from the store with the stolen property and entered the back seat of the car driven by defendant with Pratt in the front seat. They then drove to the East End Hotel where they divided the money.
Aucoin immediately reported the robbery and Mack and defendant were apprehended later that day. Money, food stamps and the gun belonging to the store owner, as well as the .32 caliber Smith and Wesson used by Mack, were recovered by the police.
*1071 ASSIGNMENT OF ERROR NUMBER ONE
By means of this assignment, defendant asserts the trial court erred in failing to declare a mistrial when a state witness, Barbara Ann Hayes, volunteered information on cross-examination that she had received threatening telephone calls before the trial. Defendant argues that the question propounded to the witness did not call for the response given. Defendant contends that the failure of the witness to give a response in conformity with the question asked, together with the prosecutor's insistence that the witness explain her answer, caused the witness to give the alleged improper response. He further argues that the witness' response suggested to the jury that defendant might have had something to do with the threats.
Hayes initially stated she could not recall the robbery. Upon further questioning, she acknowledged she recalled the incident, but did not want to testify. The trial court informed Hayes she had no constitutional right to refuse to testify, and thereafter the jury was retired. The prosecutor informed the court that Hayes was not "even a suspect", but in any event he would state for the record that he was giving her transactional immunity. After the trial court explained her responsibility to testify, Hayes stated the reason for her reluctance to testify was that she had received threatening telephone calls and letters. The court noted that it was cognizant of the threats, but the witness had no choice. The trial court then ordered her to testify and the jury was returned.
Immediately following the conclusion of the state's direct examination, the following exchange occurred on cross-examination by defense counsel:
By Mr. Calmes:
Q. Ms. Hayes, you previously testified that you really couldn't recall this incident.
A. Pardon me?
Q. You previously testified that you really couldn't recall this incident. Is that true?
A. Okay, the reason why I did thatdo you want to hear it?
Q. I just want you to answer my question.
Mr. Roy: I'm sure he doesn't want to hear that.
Mr. Calmes: Judge, I'm going to object to
Mr. Roy: I insist she answerI insist she answer the question.
Mr. Calmes: Judge, she has a right to answer the question.
A. I'm fixing to answer it. Okay, the reason why I did that is because I've been getting threatening phone calls
The jury was retired, and defense counsel asked for a mistrial on the basis that Hayes' answer was unresponsive to his question and was prejudicial to defendant. Defense counsel contended his question called for only a yes or no answer and not for an elaboration. The trial court disagreed with this contention, denied the motion for mistrial and offered to admonish the jury. Defense counsel declined the offer, stating an admonishment would further focus the jury's attention on the alleged improper response.
Defendant did not elaborate for the trial court the specific grounds for his request for a mistrial, nor does he do so in brief before this Court. He merely argues that the witness' response implied defendant had made the threatening calls.[1] We assume, therefore, that defendant's argument relies upon La.C.Cr.P. art. 771,[2] which provides in pertinent part:

*1072 In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Herein, we are not convinced the witness' disclosure that she had received threatening telephone calls was unresponsive to defense counsel's question. To the contrary, we believe defense counsel could reasonably have anticipated the alleged improper disclosure. Defense counsel had been privy to the same disclosure previously made by Hayes to the trial court outside the jury's presence. We further note that the question propounded by defense counsel eliciting the alleged improper response related to the witness' ability to recall the instant incident. That question had in essence been previously answered on direct examination following the witness' initial statement that she lacked recall when she retracted that statement by emphatically stating she possessed recall but did not desire to testify. Thereafter, the witness' disclosure of the threats, made outside the jury's presence, more fully explained her hesitancy to testify.
Even assuming the witness' answer was unresponsive, such unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Perry, 420 So.2d 139, 147 (La.1982), cert. denied, McCray v. New York, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983); State v. Hutto, 349 So.2d 318, 321 (La. 1977). Moreover, there is no showing the witness' response was deliberately obtained by design of the prosecutor to prejudice the right of defendant. State v. Perry, supra; State v. Hardy, 344 So.2d 1018, 1022 (La. 1977).
Under these circumstances, we do not find any abuse of the trial court's discretion in denying defendant's motion for mistrial. At most, defendant might have been entitled to an admonition, which when offered by the trial court was refused.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
By means of this assigned error, defendant contends the trial court erred in allowing the prosecutor to give testimony during the trial. Defendant asserts the prosecutor called himself as a witness in the jury's presence so that any objection to the procedure would have to be made before the jury. Defendant argues that the trial court could have instructed the prosecutor to have someone else relieve him of the responsibility of prosecuting the case.
The defense called Albert Simpson as its only witness. Simpson, an employee of the Office of Public Defender, testified that on November 3, 1982, he talked to Larry James Mack, one of the defendant's co-perpetrators and a state witness at the instant trial. Simpson testified that Mack told him that, although he had testified in defendant's first trial, he did not know whether or not he would testify in the instant trial. Simpson further testified that Mack stated he would testify if the district attorney offered him a deal.
Defense counsel had previously cross-examined Mack regarding the alleged deal. *1073 Mack testified that he recalled talking to Simpson on the date in question, but he positively denied saying he would consider testifying if the prosecutor offered him a deal.
Following Simpson's testimony, the defense rested its case and the prosecutor indicated he wanted to introduce evidence in rebuttal. The prosecutor requested that he be sworn, stating: "It's sort of unusual but I'm the only one that knows." The prosecutor was sworn as a witness and defense counsel objected to the prosecutor giving testimony. Out of the jury's presence, defense counsel offered to stipulate that the prosecutor would testify he made no deal with Larry James Mack. The prosecutor agreed to accept the offered stipulation. During the arguments pertaining to the objection, the trial court determined that the prosecutor was the only individual privy to the discussions and interviews with the perpetrators of the instant offense and thus in a position to testify as to whether a deal was offered. Thereafter, defense counsel withdrew the offered stipulation regarding the prosecutor's testimony. The trial court then overruled the objections and allowed the prosecutor to testify on the basis of LSA-R.S. 15:472.[3]
In testifying, the prosecutor gave very brief testimony to the effect that he had been concerned in the prosecution of the instant case and that he had made no deal whatsoever with Larry James Mack. He then submitted himself for cross-examination.
We pretermit any discussion as to the applicability of LSA-R.S. 15:472, choosing to rely on the applicability of State v. Miller, 391 So.2d 1159 (La.1980) to this case. In Miller, the Louisiana Supreme Court recognized that a prosecuting attorney is a competent witness but noted that district attorneys should avoid the dual role of prosecutor and witness. "The general rule, governing all lawyers, prohibits testimony by attorneys who are engaged in the trial of the case, (Code of Professional Responsibility, DR 5-101(B), 102) except in isolated circumstances. Even stronger reasons weigh against testimony by a prosecutor." Miller, 391 So.2d at 1163. In Miller, despite the defendant's request that the prosecutor be replaced,[4] the Court found that any possible error in allowing the prosecutor to both testify and remain as prosecutor was harmless. The Court noted that the prosecutor had been called as an impeachment witness and his testimony was cumulative of other witnesses' testimony. Similarly, in the instant case the prosecutor's testimony was cumulative to that of Mack. Moreover, the prosecutor's testimony was adduced near the end of the trial, after the defense had rested. Therefore, we conclude, as the Court did in Miller, that the admission of the prosecutor's testimony was, if anything, harmless error. See also, State v. Blunt, 449 So.2d 128 (La.App. 4th Cir.1984).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
By means of this assignment, defendant contends his fifty year sentence was excessive. He argues the sentence was disproportionate to the crime, stating that his co-perpetrator Larry James Mack received a sentence of only ten years imprisonment for his participation in the crime. He argues that the record fails to reflect a consideration of mitigating factors in accordance with La.C.Cr.P. art. 894.1. He further *1074 argues that the trial court's order that he pay court costs of $782.90 is fundamentally unfair.
Initially, we note that a defendant who is convicted of an offense is liable for all costs of the prosecution or proceeding. La.C.Cr.P. art. 887(A). We further note that co-defendants do not have to receive identical sentences; rather, sentences should be tailored to the particular offense and offender. State v. Jessie, 429 So.2d 859 (La.1983). However, disparity of sentences is a factor to be weighed in assessing an excessiveness of sentence claim. State v. Smith, 433 So.2d 688 (La.1983); State v. Lester, 482 So.2d 15 (La.App. 1st Cir.1985).
The Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974, prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and such sentences will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Shields, 444 So.2d 287, 293 (La.App. 1st Cir.1983), writ denied, 446 So.2d 312 (La.1984).
The trial court need not recite the entire checklist found in La.C.Cr.P. art. 894.1. However, the record must reflect that the judge adequately considered these guidelines. State v. Davis, 448 So.2d 645 (La.1984). When a trial judge recites some of the article 894.1 factors such as defendant's lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial judge to enumerate each factor under the article. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1242 (La.1984).
The authorized maximum sentence for armed robbery is imprisonment at hard labor for ninety-nine years without benefit of parole, probation or suspension of sentence. Herein, defendant received a midrange sentence of fifty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
We find that the trial court adequately satisfied the statutory criteria set forth in La.C.Cr.P. art. 894.1.
In sentencing defendant, the trial court noted that he is a fourth felony offender. The court also noted defendant's record included a wide range of crimes including simple burglary and aggravated crime against nature. The trial court stated that defendant's record reflects that a prior probation was revoked due to criminal violations during that term of probation. The court further noted that the instant offense was committed only two months after defendant's release from the Louisiana State Penitentiary. In referring to La.C.Cr.P. art. 894.1, the trial court stated that defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an appropriate penal institution. The court opined that a lesser sentence would deprecate the seriousness of defendant's crime, citing in support thereof defendant's prior criminal record as well as the trauma inflicted upon the victim. The court noted that the victim had been placed in a position of fearing the loss of her life if she did not acquiesce in the armed robbery. Additionally, the presentence investigation report recommended defendant be sentenced to a lengthy period of incarceration. Further, neither the record nor defendant's brief reflect the existence of any mitigating factors.
Under the circumstances of this case, we find no abuse of the trial court's sentencing discretion. Hence, we do not find defendant's sentence to be excessive.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant also asserts in brief that the state insisted that the witness explain her answer. The record does not support this assertion. The state merely insisted that the witness answer the question.
[2] A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.C. Cr.P. art. 770(2). However, a state witness is not a "court official"; therefore, art. 770 does not apply. Rather, art. 771 of the Code of Criminal Procedure would be the applicable article. State v. Perry, 420 So.2d 139, 146 (La. 1982), cert. denied, McCray v. New York, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983).
[3] LSA-R.S. 15:472 provides as follows:

A public officer can not be examined as a witness for the purpose of contradicting his official acts but is competent to rebut any attack made upon such acts.
[4] Although in brief, defendant states that the trial court could have instructed the prosecutor to relieve himself of further prosecuting the instant case after testifying, he did not state to the trial court as ground for objection that the prosecutor should not be permitted to continue handling the case. For that reason, such ground for objection is effectively waived. See, La.C.Cr.P. art. 841; State v. Freeman, 444 So.2d 243 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984). However, under Miller, supra, such an objection would in any event be without merit.