BROWN, Judge.
Defendant, Alexander Wilson, was charged with armed robbery (LSA-R.S. 14:64). A jury returned a responsive verdict of guilty of attempted armed robbery and the trial court imposed a nine year hard-labor sentence to be served without benefit of parole, probation or suspension of sentence. Defendant appeals contending that the court erred in allowing an assistant district attorney, not engaged in the prosecution, to testify and that the sentence is excessive.[1] Finding no error, the conviction and sentence are affirmed.
FACTS
Barbara James was the victim of an armed robbery on February 3, 1991. She had driven Beatrice Hopper to Hopper’s boyfriend’s house which was located in an alley in Bossier City. The victim waited in her vehicle while Ms. Hopper went into the residence. When the victim first drove to the scene there were four young men standing near a truck. One man, who was related by marriage to the victim, walked away. A moment later, the other three men walked to her car. When they reached her car, one of them, who was known to her as Tyrone Frances or Tyrone Capers, held a gun to her head. The victim was told to surrender her purse, get out of the car and take off her clothes. After exiting the vehicle, the victim was ordered to face the car and not to look at the men.
The victim was again told to take off her clothes. While the victim pled with her assailants one of the men yelled, “rape her, rape her”, but another said they did not have time. Defendant was told to get the victim’s car keys. Defendant opened the car door which activated the interior light, reached into the car and took the keys from the ignition. The victim, who was facing the inside of the car, positively identified defendant in court as the man who reached into her car and took the keys.
After defendant took the keys he told the other men to make the victim undress. While the victim was begging not to be raped, the third man said, “Well, go on and kill her.” Tyrone, the assailant with the weapon, held it to her head and pulled the trigger but the weapon did not fire. The victim continued screaming. The third man took the gun, spun the cylinder and pointed the weapon at the victim’s head as a Bossier City police vehicle drove up. The *782 men then fled. The loaded revolver was recovered by the patrol officer at the scene of the robbery. The officer broadcast a description of the three suspects and another officer saw them running and gave chase. Defendant was caught without ever leaving the sight of the pursuing officer.
A juvenile co-defendant, Donnie Tyrone Capers, who was adjudicated a delinquent, agreed to cooperate in the prosecution of defendant. The victim’s car keys were not recovered but her purse, missing $80, was found.
At trial, defendant exercised his right to remain silent and chose not to present any evidence.
DISCUSSION
Defendant’s first assignment is that the district court erred in allowing Assistant District Attorney Bobby Stromile to present impeachment testimony. The juvenile co-defendant, Donnie Tyrone Capers, testified for the state. The state’s initial request to question Capers as a hostile witness was denied.
Capers testified that he, his uncle, Gregory Frances, defendant and Kenny Russell were in the area of the robbery when the victim first arrived. Russell, who was related to the victim, left. He admitted that he was the person who first held the weapon to the victim’s head but said defendant was standing “way back there by the house ... about 50 to 60 feet away from us”. He said Johnny Parker told him to shoot the victim (which would place four men at the car instead of three), but defendant “ran out there and stopped me”. Capers denied receiving any money or car keys from the victim.
Because Capers’ testimony contradicted his pretrial statements, the trial court granted the state’s renewed request to question Capers as a hostile witness under LSA-C.E. Art. 611 C. Capers denied telling ADA Stromile that he and defendant had agreed to commit the robbery. Capers testified that defendant had not taken the keys from the victim's vehicle.
The state called ADA Stromile who told the jury that he had spoken with Capers by telephone on the day prior to trial. Capers related that he and defendant had agreed to rob the victim when she drove up and that defendant was present at the robbery. This testimony from ADA Stromile clearly impeached that given by Capers.
Defendant’s argument in brief is basically the same as given to the trial court but concludes that had Bobby Stromile’s testimony been excluded, the evidence elicited at trial was insufficient to discharge the state’s burden of proving defendant committed the crime of armed robbery. This argument raised a sufficiency claim, presumptively to show prejudice flowing from Stromile’s testimony. The direct evidence presented by the victim, however, was more than sufficient under the applicable standard of review to discharge the state’s burden of proving beyond a reasonable doubt that the defendant was guilty of armed robbery. The jury’s verdict of guilt as to the attempted offense is supported by the evidence even excluding Stromile’s testimony. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In State v. Miller, 391 So.2d 1159 (La.1980), the Supreme Court found that a prosecuting attorney was a competent witness even in the dual role of prosecutor and witness. The court noted that where a witness refutes his former statement the need for the prosecutor’s testimony could not have been anticipated.
Here, Stromile was not the prosecuting attorney and did not assume a dual role. Additionally, even if he had been the prosecuting attorney, the necessity for his testimony could not have been anticipated until after Capers had refuted his earlier statement.
The other cases cited by defendant are equally non-supportive of his position. State v. Hopper, 251 La. 77, 203 So.2d 222 (1967), vacated on other grounds, 392 U.S. 658, 88 S.Ct. 2281, 20 L.Ed.2d 1347 (1968), held it was within the trial court’s discretion to allow the prosecutor to testify. State v. Blunt, 449 So.2d 128 (La.App. 4th Cir.1984), held it was harmless error to *783 allow an assistant district attorney who participated in the prosecution of the case to present rebuttal testimony as the last prosecution witness. State v. Rowe, 489 So.2d 1069 (La.App. 1st Cir.1986), follows Miller.
Stromile was a competent witness. He was not the prosecuting attorney and the need for his testimony was not evident until Capers’ unexpected refutation of his prior statements. Stromile’s testimony was presented only to impeach Capers’ statements and the court gave appropriate limiting instructions. This assignment is without merit.
Defendant was sentenced to nine years at hard labor to be served without benefit of parole, probation or suspension of sentence. The sentence was ordered to run concurrently with a two-year sentence resulting from the revocation of a previous probated sentence. Defendant was given credit for time served. He argues this sentence is excessive claiming that the actual harm he caused, if any, was minimal. We do not find that the victim’s fear of imminent death and rape represents minimal harm.
At sentencing the trial court incorrectly said defendant had admitted at trial that he was in the area of the crime. Defendant did not testify and now argues that this mistake “may well have had” an adverse effect on the court’s sentence decision. Defendant also claims that his cooperation with the state in another matter, which is documented in the pre-sentence investigation report, was not given sufficient weight.
At the sentencing, defendant did not make any objection concerning his “admission” of being in the area of the crime. An irregularity or error cannot be urged after verdict unless it was objected to at the time of occurrence. State v. Jackson, 523 So.2d 251 (La.App. 2d Cir.1988), writ denied, 530 So.2d 565 (1988); LSA-C.Cr.P. Art. 841. Additionally, defendant’s argument is speculative. In the sentencing colloquy the court noted that Capers had sought to exculpate defendant, but the jury found otherwise. The court specifically recognized that defendant denied any guilt. Under these circumstances, the incorrect statement did not prejudice defendant and should be considered harmless.
The court did consider the fact that defendant had testified truthfully in a subsequent trial. The claim that the court did not give this “enough weight” is not supported and is likewise without merit.
In determining if a sentence is constitutionally excessive, we must insure that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. Every aggravating or mitigating circumstance does not have to be mentioned so long as the record reflects that the court adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App. 2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
*784 In selecting a proper sentence, a trial court is not limited to considering only defendant's prior convictions but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (1984).
The trial court noted that defendant had just turned twenty years old, that the jury had found him guilty of a lesser offense than charged and that defendant had disputed his culpability. Defendant had previously been placed on probation for illegal discharge of a weapon. This prior conviction resulted from the reduction of an initial charge of aggravated battery. Defendant also had been convicted and fined, on two occasions for resisting an officer. The court also noted that defendant had completed the ninth grade and left school at age sixteen and that under the sentence he would have a chance to obtain his GED. The court discussed defendant’s family situation and considered that he had no drug, alcohol, mental or physical problems. Defendant’s cooperation with the District Attorney on another case was weighed along with the D.A.’s statement that it be taken into consideration in imposing sentence. This again refutes counsel’s claim that defendant’s cooperation was not given sufficient weight.
This record clearly shows adequate consideration of the guidelines of LSA-C.Cr.P. Art. 894.1 and articulation of the factors necessary in tailoring the sentence to this particular defendant. The trial court correctly stated that defendant faced a sentence of from two and one-half years to forty nine and one-half years, to be served without benefit of parole, probation or suspension of sentence. Considering the circumstances, including the threat of rape and that an attempted murder actually occurred, the sentence imposed is easily not constitutionally excessive or an abuse of the trial court’s broad discretion. Accordingly, this assignment is without merit.
ERROR PATENT REVIEW
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The trial court is directed to inform Wilson of the provisions of Art. 930.8. The trial court will send appropriate written notice to him within 10 days of the rendition of this opinion and will file written proof that he received that notice in the record of the proceedings.
We note no other error patent. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant assigned, but did not brief, error in the admission into evidence of his on-scene identification by the victim. That assignment is deemed abandoned.