647 So.2d 423 (1994)
STATE of Louisiana, Appellee,
v.
Eddie MITCHELL, Appellant.
No. 26,718-KA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*424 Indigent Defender Office by John M. Lawrence, David R. McLatchey, for defendant-appellant.
Richard Ieyoub, Atty. Gen., Paul Carmouche, Dist. Atty., Hugo A. Holland, Asst. Dist. Atty., Tommy J. Johnson, Asst. Dist. Atty., for plaintiff-appellee.
Before LINDSAY, VICTORY and BROWN, JJ.
VICTORY, Judge.
The defendant, Eddie Mitchell, was charged with armed robbery and attempted second degree murder, violations of LSA-R.S. 14:64, 14:27 and 14:30.1. Pursuant to a plea bargain, defendant pled guilty to armed robbery and the state dismissed the attempted murder charge. The trial court sentenced him to 50 years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals the sentence imposed. We affirm.

FACTS
On the morning of November 8, 1992, defendant, a Pizza Hut employee, visited the restaurant although he was not scheduled to work. Upon his arrival he conversed with the shift manager on duty, informing her that his car had run out of gas and was parked at a nearby carwash. The shift manager advised defendant that another fellow employee was due to arrive shortly and would assist him as soon she arrived. The shift manager then settled down at a nearby desk to perform paperwork.
Shortly thereafter the shift manager heard a loud noise and noticed defendant pointing a small handgun at her. Defendant shot the shift manager once in the back, and then four more times as she lay on the floor begging for her life. After all of the bullets from the handgun had been fired, defendant retrieved a knife from the kitchen and stabbed her repeatedly until the knife blade broke. Defendant then fled in the shift manager's truck, which contained the restaurant's money bags.
The victim escaped from the restaurant to a nearby house. She identified the defendant as her attacker, and he was subsequently *425 arrested. Defendant admitted his involvement in the incident, claiming that his family needed the money and that he was high on "crack" cocaine at the time. Defendant also directed investigating police officers to the money bags which were hidden in his house.
Prior to sentencing, the trial court ordered a presentence investigation report ("PSI"). According to the PSI and the sentencing guidelines, the defendant is a 1G grid cell offender. The recommended sentence range for an offender under the sentencing guidelines with that classification is 60 to 90 months at hard labor. However, the trial court found that several aggravating circumstances were present warranting upward departure from the guidelines grid. Accordingly, the defendant was sentenced to 50 years at hard labor, without benefit of parole, probation, or suspension of sentence.
The defendant filed a motion to reconsider sentence, claiming that the: (1) aggravating factors relied upon by the court were improper; (2) trial court failed to consider certain mitigating factors; and (3) sentence is excessive. The trial court denied the motion, and the defendant has appealed the sentence on the same grounds alleged in the motion to reconsider.

DISCUSSION
The Louisiana Sentencing Guidelines are advisory. Although a sentencing court must properly consider the guidelines, it has complete discretion to reject them and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for imposition of that sentence. State v. Smith, 93-0402 (La.1994), 639 So.2d 237.
Under the guidelines, when a court departs from the designated sentence range, it must state for the record the reasons for departure which shall specify the mitigating and aggravating circumstances, and the factual basis therefor. LSA-C.Cr.P. Art. 894.1; La.S.G. § 209(A)(4)(b); State v. Smith, supra. The reasons for departure must be based on mitigating or aggravating circumstances. La.S.G. § 209(A)(5). The mitigating circumstances that may be considered are found in La.S.G. § 209(C). The correlative aggravating circumstances are found in La.S.G. § 209(B). Besides the typical aggravating circumstances set out in § 209(B), a trial court may take cognizance of "[a]ny other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction." La.S.G. § 209(B)(22). The presence of one aggravating circumstance is sufficient to justify a departure. State v. Jacobs, 25,705 (La.App. 2d Cir. 01/19/94), 631 So.2d 61.
In sentencing the defendant, the sentencing judge articulated several aggravating factors upon which he based his reason for departure, namely: (1) the defendant's manifested cruelty to the victim, La.S.G. § 209(B)(1); (2) the defendant's use of position of status to commit the offense, La.S.G. § 209(B)(4); (3) the defendant's use of actual violence in the commission of the offense, La.S.G. § 209(B)(6); (4) the fact that defendant committed the offense in order to facilitate or conceal the commission of another crime, La.S.G. § 209(B)(8); and (5) that the offense resulted in significant permanent injury or economic loss to the victim, La.S.G. § 209(B)(9).
In addition to the specific aggravating circumstances articulated, the trial court observed that this was "one of the cruelest and heartless cases" it had seen, and was extremely close to a capital offense. The trial court then stated that maximum sentences were reserved for the worst cases, and it believed this was one of the worst cases with which it had been involved.
Before sentencing the defendant, the trial court also specifically considered the following mitigating factors: (1) that the defendant was under the influence of drugs when he committed the crime; (2) that the defendant is a first offender; and (3) the defendant's young age.
An armed robbery conviction carries with it a sentence range of 5 to 99 years, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64. Based on its *426 consideration of the foregoing aggravating and mitigating factors, the trial court imposed a 50-year sentence, which is well within the statutory range. The trial court adhered to the guidelines in departing from the recommended sentence range, and adequately complied with Smith, supra, in considering the guidelines. This assignment of error lacks merit.
Whether the sentence imposed is unconstitutionally excessive depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La. App. 2d Cir. 1/19/94), 631 So.2d 555; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988).
In support of his excessiveness argument, defendant cites State v. Curry, 593 So.2d 860 (La.App. 2d Cir.1992), where this court found a 60-year sentence for a young first offender in an armed robbery conviction shocked our sense of justice. However, Curry is easily distinguishable. Although Curry involved the robbery of a pizza restaurant by a 19-year-old defendant, the similarities end there. In Curry the defendant used a pellet gun, which he never fired, to twice hit the victim in the head. Curry, 593 So.2d at 861-62. The defendant in this case was armed with a pistol. He shot the victim five times, including once in the back, and then proceeded to repeatedly stab her.
The defendant also cites State v. Means, 486 So.2d 992 (La.App. 2d Cir.1986), where this court upheld a 25-year sentence imposed upon an armed robber with no prior record whose victim died of stab wounds. Means is also distinguishable, because the defendant in that case did not participate in the death threats, the pursuit and the actual killing. Means, 486 So.2d at 994. Here, the defendant was the only person involved in the crime, and he repeatedly shot and stabbed the victim.
Finally, defendant argues that a 50-year sentence is appropriate in armed robbery convictions only where the defendant has a lengthy criminal history. As support, defendant cites State v. Watson, 575 So.2d 411 (La.App. 4th Cir.1991); State v. Williams, 536 So.2d 773 (La.App. 5th Cir.1988); State v. Woods, 494 So.2d 1258 (La.App. 2d Cir. 1986); State v. Rowe, 489 So.2d 1069 (La. App. 1st Cir.1986). A review of these cases shows that in each instance the gun was neither fired nor was the victim injured.
It is apparent from the record that cruelty to the victim and her resulting injuries significantly influenced the trial court when sentencing the defendant. These considerations are sufficient to preclude a finding of unconstitutional excessiveness. Under these circumstances, we are unable to find that this sentence is so disproportionate to the severity of the crime so as to shock this court's sense of justice. In fact, the sentence appears completely appropriate. This assignment of error lacks merit.
An error patent review discloses that the trial court informed the defendant he had three years to file for post-conviction relief. He should have also stated that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922.

DECREE
For the reasons stated, the defendant's sentence is affirmed. The trial court is ordered to send written notice to defendant of the prescriptive period for post-conviction relief, within 10 days of the rendition of this opinion, and file written proof in the record that defendant received such notice.
AFFIRMED.