468 So.2d 592 (1985)
STATE of Louisiana, Appellee,
v.
Donnie L. THOMAS, Appellant.
No. 16767-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
Rehearing Denied May 3, 1985.
Indigent Defender's Office, by Richard E. Hiller, Shreveport, for appellant.
Paul J. Carmouche, Dist. Atty., Terry L. Lindsey and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, C.J., JASPER E. JONES and SEXTON, JJ.
HALL, Judge.
The defendant, Donnie L. Thomas, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. After trial by jury, the defendant was found guilty as charged. The trial court sentenced the defendant to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant appeals contending that the trial court imposed an excessive sentence. Finding no error, we affirm.
At approximately 3:00 a.m. on November 2, 1983, George Cole was washing his car at the Rally Car Wash in the 400 Block of East Kings Highway in Shreveport when he was approached by the defendant. The defendant pointed a pistol at Cole and ordered him to remove his pants. Cole removed his pants and gave them to the defendant. The defendant then ordered Cole to go behind the car wash. The defendant then got into Cole's automobile with Cole's pants and began to drive away.
Unknown to the defendant, Officer Whatley of the Shreveport Police Department *593 had observed the robbery taking place from his patrol car parked across the street from the car wash. As the defendant exited the car wash, Officer Whatley attempted to stop the vehicle. However, the defendant fled at a high rate of speed heading west on Kings Highway. At the intersection of Fairfield and Kings Highway, defendant lost control of the vehicle and hit a tree. Shreveport police officers then placed the defendant under arrest. The police officer recovered the pants and a loaded .38 caliber pistol from the floorboard of the car.
The defendant contends that the trial court failed to give adequate weight to factors mitigating in defendant's favor in sentencing the defendant. Specifically, defendant contends that the trial court failed to give adequate consideration to the fact that this was the defendant's first felony offense and that he was only 21 years of age at the time of the crime. The defendant also contends that consideration should be given to the fact that no physical harm came to the victim and that the defendant cannot be considered to be an extremely dangerous offender. The defendant contends that there was no evidence indicating him to be an extremely dangerous offender, and in the absence of such evidence, his sentence is unconstitutionally excessive.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits. A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983). The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record should reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La. 1983); State v. Cook, 465 So.2d 825 (La. App. 2d Cir.1985).
The record of the defendant's sentencing hearing reflects that in well articulated reasons, the court complied with the sentencing guidelines of Art. 894.1. The court reviewed the facts of the crime with the defendant. The court particularly noted that after the defendant's arrest, police officers found a loaded .38 caliber revolver which was in a cocked position in the vehicle. The court noted that the trousers of the victim were found in the vehicle and that the victim in this case was not injured in the commission of the crime. However, the court did note that the victim lost $30.00 which he had in his pants pocket.
In reviewing the defendant's prior offenses, the court noted that the presentence report reflected that the defendant was arrested for purse snatching in 1979. The charge was reduced to misdemeanor theft and the defendant was sentenced to five months in the parish jail. In 1980, the defendant was convicted of simple battery and sentenced to four months in jail. The court noted that in 1982 the defendant had been arrested for disturbing the peace and resisting an officer. However, since no action was taken on these arrests the court did not consider these arrests in consideration of the sentence. In 1983, the defendant was arrested for criminal mischief, simple criminal damage to property, theft, and disturbing the peace. Again, no action was taken on these arrests and the court did not consider the arrests in consideration of the sentence.
The court noted that the defendant is now 22 years of age and is the child of Sarah Davenport Thomas and Northel Thomas, Sr. The defendant's father was employed for 20 years as a truck driver at the R.C. Bottling Company until 1983. The defendant's mother has been employed since 1976. The defendant attended public school in Shreveport until the ninth grade at which time he dropped out, at age 17. He was employed under the CETA program *594 for three months when he was 17 years of age. The defendant earned money doing yard work and assisting his uncle who is a carpenter.
The court had received letters from various people involved in the defendant's church who were friends of his mother and father, and indicated to the defendant that the court read these letters and that he had studied the defendant's presentence investigation report several times.
The court found that because of the offense committed, the defendant was in need of correctional treatment. The court found that the defendant's conduct threatened serious harm, stating that any time a man picks up a loaded .38 caliber weapon and points it at another human being, that threatens very serious harm.
The court found no provocation for the defendant's behavior except for the want for money or for a car. Therefore, the court found that there was no substantial grounds seeming to excuse or justify the defendant's conduct. The court noted that although this is the defendant's first felony offense, the defendant did have a history of prior criminal activity. As a result, the court felt that the defendant's criminal conduct was a result of circumstances likely to recur.
The court indicated that the PSI reflected that the defendant's girlfriend was pregnant with his child. However, there was no showing that the defendant has been supporting his girlfriend or would support his girlfriend and the child. The court realized that sentencing a person to the penitentiary creates hardship for his family. Noting the difficulty of its decision, the court sentenced the defendant to serve 25 years at hard labor.
The record reflects that the trial court considered the defendant's age and his first felony offender status. Additionally, the trial court correctly found that the defendant's conduct threatened serious harm. While 25 years at hard labor for this first felony offender is at the upper limit of the trial court's discretion, the trial court amply justified the sentence imposed in its reasons for the sentence which is in the lower range of the 5 to 99 years provided by law for the very serious offense of armed robbery.
Finding no merit to defendant's assignment of error, the conviction and sentence are affirmed.
AFFIRMED.