YELVERTON, Judge.
Defendant Andrew Patton, 24, was found guilty by a jury of the July 21, 1983, armed robbery of LaDonna Thibodeaux, in violation of LSA-R.S. 14:64. He was sentenced to 40 years in the custody of the Louisiana Department of Corrections without benefit of suspension, probation, or parole. He appeals the conviction on the ground that the evidence was not legally sufficient to convict him. He appeals the sentence on the ground that it was excessive. We find no error. We affirm both the conviction and the sentence.
At about one o’clock on the morning of July 21, 1983, a person entered the ’Lil General Store, an all-night convenience store in Eunice, Louisiana, and robbed its lone attendant, LaDonna Thibodeaux, with a knife. Ms. Thibodeaux gave the robber the money from the cash register, and then she opened and retrieved from the safe its contents and gave that to him, a total of over $100 in small bills. As she was on her *183 knees at the safe opening it, defendant slashed her across her cheek with the knife. He then tried to leave through the rear door but had trouble opening it, and ordered her to remove the metal bar from the door. After hitting her on the head with some object, he escaped.
A few hours later, after the victim had regained consciousness and was able to communicate with the police, she identified the defendant from among a number of photographs. She knew him as a customer who had been in her store three or four times. She remembered his first name. The police arrested Patton at his home near the store about 12 hours after the crime.
Defendant’s first assignment of error attacked his conviction as having been based on legally insufficient evidence. The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The conviction was based entirely on the testimony of the victim. According to her account of the robbery, the defendant’s face was exposed, the lighting in the store was good, she got a good look at him, and she recognized him. She picked out his photograph with no hesitancy, and her testimony at the trial was firm and unshakable in her conviction that the person who robbed her was in fact Andrew Patton. [She testified that he walked into the store, pulled a knife, announced that he was going to rob the place, demanded money from her, and that she gave him what was in the cash drawer and also what was in the safe, a little over $100. Viewed in this light, which is the evidence most favorable to the prosecution, rational jurors could have found the defendant committed a theft of something of value belonging to another, that the thing stolen was in the possession or in the immediate control of the victim, that he used force and intimidation against the victim in order to accomplish the theft, and that he was armed with a dangerous weapon, the essential elements of armed robbery.]
Defendant’s argument in support of this assignment is primarily based upon alibi witnesses. There were four such witnesses, three of them defendant’s sisters, and the fourth a young friend of his. These four testified, consistently with each other, that on the night of the robbery defendant was with them at the Tip Top Lounge in Eunice until ten o’clock, and that he was at his sister’s house with two of them until eleven, and at another house with another sister from eleven o’clock until the following morning. This sister saw him go to sleep on the couch at the house where he spent the night, and she was still awake at one o’clock in the morning when two of the other alibi witnesses dropped by for a 15 or 20 minute visit. It was the testimony of these three witnesses that the defendant, asleep on the couch, did not awaken during this visit. The victim testified that the robbery occurred at one o’clock A.M. Although the place of the robbery and where the defendant was were less than a mile apart, these three witnesses accounted for his presence on the couch before one o’clock, at that time, and for a period which they unanimously testified at 15 to 20 minutes after that time. Defendant himself testified and recounted the same events up until the time he went to sleep. This was his alibi at the time of the robbery.
All of these alibi witnesses and the defendant also testified that he was clean shaven and that even his head was shaved that night. This was contrary to the earlier testimony of Ms. Thibodeaux that he had a goatee and hair on his head. On rebuttal, three Eunice city police officers who took part in defendant’s arrest, some 12 hours after the crime, testified that he had a short beard and that he had hair on his head. This conflict between the testimony of the State’s and the defendant’s witnesses created a simple credibility question which a unanimous jury resolved in favor of the State. The Jackson v. Virginia *184 standard for reversal is far from being met when the argument against the sufficiency of the evidence is one turning on the credibility of the witnesses. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Jenkins, 456 So.2d 174 (La.App. 2nd Cir. 1984), writ denied, 460 So.2d 1043 (La.1984). Credibility goes to the weight of the evidence, not its sufficiency.
This assignment of error has no merit.
Defendant’s other assignment of error complains of the excessiveness of the sentence. The trial court sentenced him to 40 years at hard labor without benefit of suspension, probation or parole. The argument that this sentence was excessive rests first upon the contention that the trial judge failed to consider any mitigating circumstances as required by LSA-C.Cr.P. art. 894.1, the sentencing guidelines statute. Defendant points to the fact that he was but 24 years old, a first felony offender, and a member of the National Guard from 1982 until the time of the offense. The trial judge did not expressly mention these factors and, we also take note, he did no.t expressly mention the fact that defendant was married and had a six year old son. Counsel for the defendant argues the application in this situation of the case of State v. Walker, 414 So.2d 1245 (La.1982), an armed robbery case, where there was a remand for resentencing where the trial court had failed to consider certain mitigating circumstances before handing down a 35 year sentence. That case, however, is distinguishable from ours, because the trial judge in Walker was under the mistaken belief that, because his sentencing alternatives under the armed robbery statute had been narrowed to a mere determination of the length of the sentence to be imposed (no suspension or probation being permissible under R.S. 14:64) that he was not required to consider subsection (B) of the sentencing guidelines statute, dealing with factors in mitigation. The segnencing judge in the present case was not working under any such misunderstanding about the application of the guidelines as occurred in the Walker case. Before sentencing, the trial judge had ordered a presen-tenee investigation report. Although no express mention was made of the mitigating factors by the trial court in the actual sentence itself, the court made it clear that it had consulted the presentence report, that the parole and probation officer who had prepared the report was in open court at the sentencing hearing for cross examination, if desired, and that the report had been made available to counsel for defendant. The trial court additionally offered the defendant’s counsel an opportunity to offer evidence and otherwise participate during the sentencing hearing. The pre-sentence investigation report is in the record. It clearly reflects the defendant’s age, his marital status, his work history, and the fact that he was a member of the National Guard from 1982 until the time of his arrest for this offense, and the fact that this was his first felony offense.
When the record before us fully supports the sentencing choice by the trial court, it is not necessary that he articulate each and every factor which he took into consideration in reaching that sentence. State v. Chaney, 423 So.2d 1092 (La.1982). It is sufficient if the record is clear enough so that this court can exercise its duty to review the sentence for excessiveness and determine whether or not there was an abuse of sentencing discretion. State v. Moss, 438 So.2d 1283 (La.App. 3rd Cir. 1983), writ denied, 443 So.2d 588 (La.1983).
Because of the high potential for loss of life, armed robbery is one of the most serious crimes, as attested by the range of sentence from no less than five to not more than 99 years, without suspension, probation or parole, established by the legislature. The sentence imposed here, 40 years, was slightly less than half way up the sentencing spectrum. The trial court’s reasons for imposing it fully support that sentence. The victim, a 19 year old woman, was cut across the face, then beaten on the head by the defendant and left on the floor, unconscious, when he made his escape. At trial, she still had a serious speech impediment as a result of nerve *185 damage from her injuries. The attacks were ruthless and purposeless, as she had complied with her assailant’s demands without resistance.
Although married, defendant was separated from his wife and had not been living with her for some time at the time of his offense. He was unemployed at the time of the offense but in the past had held jobs as a laborer. The presentence report contains this information.
Defendant complains that too much emphasis was put on his criminal record and not enough emphasis on the fact that he was a first felony offender. The argument is made that the sentencing court’s fears regarding the criminal propensities of the defendant were unjustifed by his record. Our analysis of the court’s reasons, and the factual basis therefore, cause us to agree with the sentencing judge. While the defendant did not have a felony conviction, he had a very lengthy record of misdemeanor convictions, many involving violence, one a simple battery upon his wife, another a simple battery on a police officer, another resisting arrest, and he also had several felony charges pending at the time of this crime. The circumstances of the commission of the instant crime, and the purposeless brutality displayed on his victim, justified the sentencing judge’s impression of this man as one prone to violence.
The sentence imposed here was not excessive.
The conviction and sentence are affirmed.
AFFIRMED.