503 So.2d 772 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Richard & Lisa COWANS, Defendants-Appellants.
No. CR 86-846.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*773 James Mitchell, Elvin Fontenot, Leesville, for defendants-appellants.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
STOKER, Judge.
Richard and Lisa Cowans appeal their convictions of and sentences for conspiracy to commit armed robbery and for armed robbery.

FACTS
The defendants, husband and wife, entered Nichols Discount Store in Leesville on April 8, 1986 under the pretense of purchasing a handgun. They left to get identification out of their car, and returned shortly thereafter to retrieve the car keys which they had left on the store counter. Later, Richard Cowans reentered the store and asked for cigarettes. He then came around the checkout counter, held a pistol to the cashier's neck and ordered her to open the cash register and hand him the money. Richard Cowans forced the cashier to exit the store with him at gunpoint. Once outside the cashier was released, and Richard Cowans got into a car driven by his wife and the two left at a high rate of speed. They were apprehended a short time later at a nearby restaurant.
The Cowans were charged by bill of information with conspiracy to commit robbery (LSA-R.S. 14:26 and 14:64) and armed robbery (LSA-R.S. 14:64). A 12-person jury returned unanimous verdicts of guilty on all counts. Richard Cowans was sentenced to 10 years at hard labor for conspiracy and 90 years at hard labor for armed robbery. Lisa Cowans was sentenced to 10 years at hard labor for conspiracy and 40 years at hard labor for armed robbery. All sentences are to run consecutively without benefit of parole, probation or suspension. The defendants appeal, citing numerous errors.

JURY SELECTION
During jury selection the court realized that the petit jury venire would likely be exhausted, and it therefore ordered that additional tales jurors be called as prospective jurors, pursuant to LSA-C.Cr.P. art. 785. Richard Cowans requested that the names of the tales jurors be mixed in with the remaining members of the petit jury venire who had not yet been questioned. He cites as error the court's decision to exhaust the original petit jury venire before using the tales jury venire.
LSA-C.Cr.P. art. 785(C) provides:
"Immediately after the drawing of tales jurors, they shall be summoned to attend court at such time as the court may direct, and shall be subject to the same duties as petit jurors."
*774 The statute does not specify that the names of the tales jurors are to be commingled with those in the original jury venire. In fact, the above article gives the judge full discretion in ordering the drawing of tales jurors and in summoning them to court. The defendant concedes that the court has the option of not calling tales jurors until the original venire has been exhausted. We find no basis for requiring the court to commingle the two groups if it chooses to call the tales jurors prior to the exhaustion of the original venire.

PHOTOGRAPHS
Photographs were admitted into evidence in which Richard Cowans was shown with his shirt pulled up. The State presented the photographs to show the defendant's tattoos and his deep tan, which were described by witnesses to the crime in identifying the perpetrator. The defendant argues that the probative value of the "unbecoming" photographs did not outweigh their prejudicial effect.
The determination of the use of photographs at trial is largely left to the discretion of the trial judge, and his ruling will not be disturbed absent a clear showing of abuse of that discretion. State v. Segura, 464 So.2d 1116 (La.App.3d Cir.), writ denied, 468 So.2d 1203 (La.1985). Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place or thing depicted are generally admissible. State v. Burdgess, 434 So.2d 1062 (La. 1983); State v. Lindsey, 404 So.2d 466 (La. 1981).
The photographs in this case were admitted to show that the defendant's tattoos and skin tone corresponded to the witnesses' descriptions. We find no error in their admission into evidence.

OTHER CRIMES
Both defendants contend that the trial court erred in admitting evidence connecting them to an armed robbery in DeRidder the day before the Leesville crimes. The State argues that the evidence was adduced to show system, intent and motive on the part of the defendants.
LSA-R.S. 15:445 and 15:446 control the admissibility of evidence of other crimes:
Sec. 445.
"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
Sec. 446.
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for purposes of showing guilty knowledge and intent, but not to prove the offense charged."
The State filed notice of its intent to use evidence of other crimes, in accordance with LSA-C.Cr.P. art. 720 and State v. Prieur, 277 So.2d 126 (La.1973). A Prieur hearing was conducted outside the jury's presence, and the trial court held the evidence of the earlier armed robbery was admissible to show system, intent and motive.
The armed robbery in DeRidder occurred in much the same fashion as the Leesville incident. The victim of the first crime clearly identified the Cowans as the perpetrators. The two similar incidents, a day apart, tended to show that the crimes were parts of a system.
In addition, Lisa Cowans claimed that she lacked the knowledge and intent to commit the crimes of conspiracy and armed robbery. In both instances, Mrs. Cowans served as the driver in the couple's escapes. The evidence of the prior crime, combined with the testimony as to the Leesville robbery, allowed an inference that Mrs. Cowans did indeed have the requisite knowledge and intent.
*775 Since the evidence tended to show system, knowledge and intent, the trial court did not err in allowing its admission.

SENTENCES
The defendants argue that the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. In particular, they charge that he improperly considered the other criminal charges against them. In addition, Lisa Cowans claims that her sentences are excessive.
The record indicates that the trial judge considered numerous factors in particularizing the sentences. He noted in Lisa Cowans' favor that she apparently had not been involved in criminal activity prior to her marriage to Richard Cowans, and that she had a three-year-old child. However, he felt that these factors were offset by the nature of the charges, the fact that she was the "lookout," and the evidence of a system of crimes.
As to Richard Cowans, the trial judge found a long history of criminal convictions, as well as several infractions during his incarcerations. He commented on the violent nature of the crimes involved in this case, and on Mr. Cowans' apparent negative influence on his wife. The judge concluded that Richard Cowans had demonstrated an inability to function in society.
A court may properly consider criminal activity not limited to convictions in imposing sentence. State v. Washington, 414 So.2d 313 (La.1982). This activity may include charges pending against a defendant. State v. Williams, 441 So.2d 832 (La. App.3d Cir.1983). In the instant case, pending charges included armed robbery, aggravated kidnapping, forgery, aggravated burglary and first degree murder.
The trial judge conscientiously complied with the sentencing guidelines, and did not abuse his discretion in imposing the sentences. Despite her status as a first offender and the mother of a young child, Lisa Cowans' sentences are supported by the record. See State v. Patton, 478 So.2d 182 (La.App.3d Cir.1985); State v. Thomas, 468 So.2d 592 (La.App.2d Cir.), writ denied, 474 So.2d 1303 (La.1985). Her sentences are not so grossly out of proportion to the severity of the crimes as to shock this court's sense of justice. State v. Nealy, 450 So.2d 634 (La.1984).

MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL
Lisa Cowans filed a motion for a post-verdict judgment of acquittal based on the alleged insufficiency of the evidence against her. The judge denied the motion.
The standard of appellate review in cases involving challenges to the sufficiency of the evidence is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 271, 61 L.Ed.2d 560 (1979).
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of conspiracy to commit armed robbery and armed robbery. It is relevant to note that the verdict was unanimous.
The defendant was not just a lookout, but an active participant in the crimes. Although the defendant was outside in the car when the armed robbery was committed, the testimony revealed that this was part of their plan to rob the store. The automobile engine was running and the passenger door was open. Defendant drove the automobile from the parking lot at a high rate of speed.
The testimony established a unique crime sequence, and specific intent for criminal conspiracy was demonstrated by Lisa Cowan's participation in a crime the day before. The trial judge committed no error in denying the motion.

CONCLUSION
We find no merit to any of the defendants' assignments of error. Their convictions and sentences are affirmed.
AFFIRMED.