520 So.2d 1227 (1988)
STATE of Louisiana
v.
Emmett L. SELDERS.
No. 87-KA-611.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
*1228 Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Eric Honig, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for plaintiff-appellee.
Before KLIEBERT, BOWES and GOTHARD, JJ.
BOWES, Judge.
The defendant, Emmett Selders, was charged with violation of LSA-R.S. 14:64, armed robbery. He was tried before a trial judge alone, convicted as charged, and sentenced to thirty (30) years at hard labor without benefit of parole, probation, or suspension of sentence, with credit given for time served. Defendant now appeals the excessiveness of his sentence.
The facts of this case are as follows:
On April 1, 1986, at approximately 9:15 a.m., three black men entered the Big Saver Grocery Store located at 1230 Third Street in Kenner. The store was owned and operated by Kim Tran and her husband, who, along with their child, were present in the store at the time of the robbery. One of the men placed articles on the counter as if to make a purchase, but then all three men pulled out weapons two of the men had guns and one had a knife. Mrs. Tran was forced to lie on the floor with a knife pointed at her head during the entire robbery, while her husband was made to stand with a gun pointed at his back. The defendant walked around the counter and took all of the cash from the cash register and from Mrs. Tran's purse.[1] After the money was taken, Kim Tran, her husband, and their child and an employee, were put in the cooler and the robbers left the store. The robbers were not masked.
The police were called to the scene, at which time they were told that Kim Tran recognized one of the robbers because he had been in the store four or five times previously. She said she specifically remembered the defendant because he would play around in the store and would sometimes eat fruit without paying for it.
On April 25, 1986, Mrs. Tran telephoned the police advising them that the man who had robbed her store on April 1, 1986 had been in her store and had just left. Officers arrived at the scene and were advised by Mrs. Tran that she had pointed the subject out to her son and other employees of the store as the perpetrator. Because Mrs. Tran could not leave the store, her son got into the car with the officer, drove around the corner, and observed three black males walking down Fourth Street. Mrs. Tran's son pointed out the defendant as the one his mother told him had robbed her. Defendant was subsequently arrested for the armed robbery of the Big Saver Grocery Store.
Despite defendant's contention that he was working on April 1, 1986, and did not rob the store, Mrs. Tran, who had seen the defendant in her store on several prior occasions, positively and without hesitation, identified the defendant in a photographic lineup and again at trial. After hearing the testimony of the witnesses, the trial judge found the defendant guilty as charged.
Defendant presents only one assignment of error:
1. The trial court imposed an excessive sentence.
Assignment of Error No. 1
The defendant contends that his sentence of thirty years without benefit of probation, parole or suspension of sentence is excessive for a first offender with no prior criminal record either as a juvenile or an adult.
*1229 Under the provision of La. Const. of 1974, Article I, Section 20, a defendant is protected from the imposition of "cruel, excessive or unusual punishment." Although a sentence is within statutory limits, it still may be excessive and is therefore subject to appellate review. State v. Accardo, 466 So.2d 549 (La.App. 5 Cir. 1985) writ den. 468 So.2d 1204 (La.1985). A sentence is excessive if "grossly out of proportion to the seriousness of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984) cert den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 670 (1985).
The choice of sentences within the statutory range lies within the discretion of the trial judge and his determination should not be set aside absent manifest abuse of that discretion. State v. Schexnayder, 472 So.2d 174 (La.App. 5 Cir.1985). However, each sentence must be individualized, mandating consideration of the underlying circumstances of the crime. State v. Cortez, 503 So.2d 76 (La.App. 5 Cir.1987). LSA C.CR.P. Art. 894.1 sets forth guidelines to be utilized by the trial judge in his consideration of an appropriate sentence. While the trial judge need not articulate each factor, the record should indicate that the trial court considered both the aggravating and mitigating factors of LSA C.CR.P. Art. 894.1. State v. Accardo, supra.
In this case, the defendant could have received a minimum sentence of five (5) years and a maximum sentence of ninety-nine (99) years. LSA-R.S. 14:64(B). The trial judge extensively complied with the sentencing guidelines of LSA C.CR.P. Art. 894.1. Before imposing sentence, the trial judge considered the fact that the defendant's conduct caused and threatened serious harm, in that the victims were held at gunpoint while the robbers stole their money, and, before leaving, the robbers put the victims in the cooler. Although the judge noted as mitigating the fact that the defendant has no history of prior criminal activity, he felt, nonetheless, that the character and attitude of the defendant indicated that he was likely to commit other crimes. Additionally, we note that the owners of the store had their small child with them at the time of the robbery, thus his life was also endangered during the robbery.
Although, 30 years at hard labor for a first offender is a sentence to be seriously appraised by an appellate court, under the circumstances here, it is within the trial court's discretion. In addition, the trial court adequately justified the sentence imposed in its reasons for the sentence, which we note is in the lower range of the five (5) to ninety-nine (99) years provided by law for the very serious offense of armed robbery.
Accordingly, for the foregoing reasons, the conviction and sentence is affirmed.
AFFIRMED.
NOTES
[1] Over six thousand dollars ($6,000) was taken during the robbery. Since it was the first of the month, the Trans had a lot of cash available to cash checks for their elderly customers.