KING, Judge.
The sole issue presented by this appeal is whether or not the trial court committed reversible error in allowing the State to admit “other crimes” evidence at the time of trial.
On January 2, 1987, Melvin J. Broussard (hereinafter defendant) was charged by bill of information with theft of over $500.00, a violation of La.R.S. 14:67. On October 21, 1987, defendant was tried and found guilty as charged by a six person jury. Defendant was sentenced to five years at hard labor. Defendant appeals his conviction and sentence. We reverse defendant’s conviction, set aside the sentence, and remand the matter for further proceedings.
FACTS[1]
On October 17, 1986, a caller telephoned a Sears department store, identified him *1218 self as the registered holder of a Sears credit card, gave the salesperson the account number, and purchased two video cassette recorders. The caller informed the salesperson that a taxi would be sent to pick up the merchandise and deliver it to the caller at a local motel. The cab driver picked up the merchandise and delivered it to a local motel to an individual who was later identified as defendant. After Sears determined that the credit card had been reported stolen by its registered holder on October 15, 1986 and after it was determined that defendant had received the merchandise, he was arrested and charged with theft. The prosecution and the defense essentially agreed on these facts but disagreed as to whether the cardholder had authorized defendant to purchase the merchandise.
The prosecution contended that the cardholder “picked up” defendant, a transvestite, and brought defendant to a local motel to engage in sex. Upon realization that defendant was not a female, the cardholder left. A short time later, the cardholder discovered that his wallet, containing his Sears credit card and a bank card, was missing and reported them as stolen. The cardholder testified at trial that defendant was never authorized to purchase the merchandise from Sears with his credit card.
Defendant admits being picked up by the cardholder in the Four Comers area of Lafayette and accompanying him to a local motel. Defendant asserts that he was paid $200.00 to engage in various sexual acts with the cardholder. According to defendant, the cardholder returned two days later and requested that defendant again engage in sex. Because the cardholder did not have any money, he agreed to allow defendant to purchase merchandise from Sears and charge it to his account. Defendant claims that he again engaged in sex with the cardholder in exchange for the merchandise.
At the time of trial the State introduced evidence of defendant’s use of a stolen bank card, which was also stolen from the cardholder at the same time his Sears credit card was stolen, and the defendant moved for a mistrial. The defendant’s motion for a mistrial was denied and the jury heard the evidence. Defendant appeals his subsequent conviction and sentence.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 3
Assignments of error numbers one and three have not been briefed and, therefore, are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NUMBER 2
By this assignment of error defendant contends that the trial court committed reversible error in allowing the State to introduce “other crimes” evidence at the time of his trial. Defendant argues that the evidence was inadmissible because the State failed to give notice of intent to use the evidence prior to trial and because the evidence was admitted without balancing the probative value of the evidence against its prejudicial effect.
The other crimes evidence objected to by defendant consists of testimony and photographs showing the defendant making bank withdrawals using the stolen bank card belonging to the same cardholder who owned the stolen Sears credit card the defendant was being tried for using without authorization. These bank withdrawals occurred on October 14 and 15, 1986, several days before defendant’s use of the stolen Sears credit card. This evidence was introduced after testimony that the bank card had been reported stolen by the cardholder at the same time his Sears credit card was stolen.
Evidence of other crimes is generally inadmissible because a defendant might be found guilty of the offense charged because he has committed past offenses. State v. Kahey, 436 So.2d 475 (La.1983); State v. Upchurch, 510 So.2d *1219 112 (La.App. 3 Cir.1987). Exceptions to this general rule of inadmissibility are recognized where the State seeks to introduce evidence of other crimes for some substantially relevant purpose other than to show that the defendant is guilty because he is a man of general bad criminal character. State v. Kahey, supra; State v. Harris, 383 So.2d 1 (La.1980).
Louisiana statutes recognize these instances where other evidence is “substantially relevant” so as to qualify as an exception to the general exclusionary rule such as acts relevant to show intent, knowledge or system. La.R.S. 15:445 and 15:446; State v. Kahey, supra. Additionally, evidence related to other offenses may be admissible as part of the res gestae. La.R.S. 15:447. If the prosecution intends to introduce evidence of other crimes it is required to furnish to defendant a particularized statement of the other crimes evidence it intends to offer which specifies the exception to the exclusionary rule upon which the prosecution relies for admissibility. State v. Goza, 408 So.2d 1349 (La.1982); State v. Prieur, 277 So.2d 126 (La.1973). No notice of intent to use evidence of other crimes is required as to evidence of offenses which are part of the res ges-tae, or convictions used to impeach a defendant’s testimony. State v. Leatherwood, 411 So.2d 29 (La.1982); State v. Johnson, 443 So.2d 766 (La.App. 3 Cir.1983), writ denied, 445 So.2d 451 (La.1984). Once a determination is made that other crimes evidence is to be presented for one of the “substantially relevant” purposes, the trial judge is obligated to balance the probative value of the evidence against its prejudicial effect prior to admitting the evidence. State v. Kahey, supra. This balancing is unnecessary where the other crimes evidence is part of the res gestae. State v. Jackson, 450 So.2d 621 (La.1984).
In the instant case, the State argues in brief to the Court that the evidence of defendant’s use of a stolen bank card, which was stolen at the same time as the Sears credit card and used several days prior to the theft for which defendant was charged in using the stolen Sears credit card, is admissible as part of the res ges-tae. The State also argues in brief that the evidence of other crimes had independent relevance to corroborate the defendant’s knowledge and intent to use the stolen Sears credit card to make purchases for himself.
The res gestae of an offense is always admissible into evidence. La.R.S. 15:447; State v. O’Neal, 501 So.2d 920 (La.App. 2 Cir.1987), writ denied, 505 So.2d 1139 (La.1987). Res gestae is defined as those necessary incidents of the proscribed criminal conduct and whatever may form one continuous transaction with, whether occurring before or after, the particular conduct. La.R.S. 15:448; State v. Williams, 454 So.2d 1211 (La.App. 2 Cir.1984), writ denied, 461 So.2d 313 (La.1984). Because no notice of intent to use evidence of other crimes is required, if the other crimes are a part of the res gestae, the law requires a close connexity in time and location between the crimes. The other offense must be related and intertwined with the charged offense to such an extent that the State could not have accurately and completely presented its case without referring to it. State v. Haarala, 398 So.2d 1093 (La.1981).
The incidents where defendant used the stolen bank card without authorization two and three days prior to the charged offense are too remote in time to form a part of the res gestae of the crime charged. The actions were not necessary incidents of the criminal act nor did they form a single continuous transaction. Therefore, the evidence of other crimes was not admissible under the res gestae exception to the rule excluding other crimes evidence.
The State also argues that the evidence was admitted to establish defendant’s knowledge and intent and to counter defendant’s argument that he was authorized by the cardholder to use his Sears credit card to purchase merchandise. The State did not file a notice of its intent to use evidence of other crimes pursuant to La.C.Cr.P. Art. 720. See State v. Prieur, supra.
Where evidence of other crimes is to be introduced at trial to establish knowledge *1220 and intent the State is required to file notice of an intent to introduce the evidence. State v. Goza, supra; State v. Prieur, supra; State v. Cowans, 503 So.2d 772 (La.App. 3 Cir.1987). The other crimes evidence in the instant case was introduced by the State to establish that defendant was aware that his use of the stolen Sears credit card was unauthorized. Such other crimes evidence tended to show that defendant had guilty knowledge and intent to systematically make use of stolen credit cards. The failure of the State to provide notice of an intent to use the other crimes evidence and the admission of the evidence by the trial court without a limiting jury instruction was error. “Even if the evidence is ultimately admissible, the defendant is entitled as a matter of fairness to notice of the particular offenses which the State intends to prove and to an opportunity to prepare any defense he may have against them.” State v. Goza, supra at 1353.
The procedural safeguards surrounding the introduction of other crimes evidence recognizes that, without such notice, it is possible that a defendant may also be tried for charges of which he has no notice and for which he is unprepared and which unfairly prejudice him in the eyes of the jury. State v. Goza, supra; State v. Prieur, supra. In the case at bar, defendant was tried before a jury on a charge arising from his single use of a Sears credit card. Without notice, the State introduced evidence of defendant making unauthorized bank withdrawals on two other occasions using a stolen bank card, which was stolen from the same cardholder at the same time that his Sears credit card was stolen. Defendant was not being tried for theft arising from unauthorized use of the stolen bank card. The potential effect of introducing this evidence without notice to defendant and without a limiting instruction to the jury was to create the possibility of the jury basing its determination of guilt on other crimes committed by defendant. While failure to give a Prieur notice may be harmless error, it is reversible error under the facts of this case.
At the trial of this case, after the defendant had moved for a mistrial, the Assistant District Attorney himself stated to the Court:
“Mr. Landry: But, Your Honor, there should have been notice. It’s another offense, whether it's the same transaction; it should have been noticed under Prieur, and the Court should have made a decision as to whether it’s admissible. Prieur says that if there’s another crime in the same series of occurrences that shows M.O. or shows identity — I know it’s — It probably would be admissible if a Prieur hearing and notice had been undertaken, but in this case there was no such notice; and without that I think a conviction in this case would be subject to reversal because those cases under Prieur simply say if you have another crime, the Court should analyze it to be sure it is admissible and that the defendant should have notice of those other crimes. Here we have another fraudulent use of another card.”
The trial court, in overruling defendant’s motion for a mistrial stated:
“The Court: It’s the same bag. I’m holding that it is corroborative and is admissible. And if they want to reverse, then we’ll just try it again.”
When an error is committed by the trial court, if the appellate court finds that the error was harmless in light of the total circumstances, defendant’s conviction will not be overturned. La.C.Cr.P. Art. 921; State v. Redman, 449 So.2d 636 (La.App. 1 Cir.1984), writ denied, 456 So.2d 170 (La.1984); State v. Johnson, supra. We do not find the error of the trial court to be harmless in light of the total circumstances of this case.
For the foregoing reasons, defendant’s conviction and sentence are reversed and this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
DOMENGEAUX, J., dissents and assigns reasons.

. The record in this case consists only of excerpts of the testimony and arguments given at *1218 the trial and which were designated to be transcribed for this appeal. The facts are taken from these excerpts.