593 So.2d 860 (1992)
STATE of Louisiana, Appellee,
v.
Derrick Wayne CURRY, Appellant.
No. 22772-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*861 Sonny N. Stephens, Winnsboro, for appellant.
William R. Coenen, Jr., Dist. Atty., Penny-Wise Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before NORRIS, HIGHTOWER and STEWART, JJ.
NORRIS, Judge.
Derrick Wayne Curry, age 22 and a first felony offender, was charged by bill of information with one count of armed robbery, La.R.S. 14:64. After a jury trial he was found guilty as charged. The court then sentenced him to 60 years at hard labor without benefit of parole, probation or suspension of sentence. Curry now appeals, urging the trial court erred in failing to follow the sentencing guidelines adequately and in imposing an excessive sentence. We find that although a substantial sentence is warranted, the sentence actually imposed is out of proportion to the offender and offense. We affirm the conviction but vacate the sentence and remand the case for resentencing in accord with this opinion.
On the evening of April 21, 1989, Curry robbed Jay Tarver and Derf Donald, employees of Johnny's Pizza in Rayville. Donald had left the store at closing time to drive another employee home. When he returned he knocked on the back door for Tarver, the manager, to let him in. While Donald was waiting, an assailant wearing a stocking over his face and wielding a real-looking pellet gun seized Donald by the *862 neck and ordered him in. When Tarver opened the door, the assailant pushed Donald through. Tarver tried to run toward the kitchen but the assailant grabbed him by the hair and demanded money. Donald gave the assailant his delivery wallet and then, at gunpoint, handed him the cash in the register. Tarver told the assailant there was no more money but the assailant, still clutching Tarver's hair with one hand, struck his head with the pistol in the other hand. Donald then led them to the office, where the rest of the cash was lying on a desk. The assailant hit Tarver on the head again, took the money and then fled. Tarver promptly called the police. Both he and Donald gave an excellent description of the robber.
Officer Robinson of the Richland Parish Sheriff's Office interviewed the victims and gained "street information" that led him to a suspect, Nathaniel Smiley, who was arrested and charged with the offense. Smiley gave a statement that also incriminated Curry, the defendant herein. Investigators learned that Curry had left Rayville for Dallas a few days after the robbery. He was arrested in Dallas in early June, waived extradition and returned to Richland Parish where he gave a recorded statement. In the statement he admitted going to Johnny's Pizza with Smiley, who waited outside while he entered and pulled the gun on two men. As noted, Curry was charged with one count of armed robbery.
At trial Curry denied any involvement in the robbery, offering alibi testimony. He also testified that his statement contained only what Officer Robinson told him to say; he gave it on a promise that his bail would be lowered. Both the transcript of the statement and the testimony of Officer Robinson, however, deny any such promise or falsehood. Both Donald and Tarver positively identified Curry in open court. Tarver added that Curry took about $800 in the robbery.
The test of excessiveness is two-tiered. First the record must show the district court considered the sentencing guidelines of La.C.Cr.P. art. 894.1. The court need not list every aggravating and mitigating factor as long as the record shows adequate consideration of the guidelines. State v. Smith, 433 So.2d 688 (La. 1983). The goal of art. 894.1 is not a rote recital of statutory factors but the articulation of a factual basis for sentence; thus remand is not always necessary when there has been inadequate compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.), writ denied 521 So.2d 1143 (La.1988).
The second tier is constitutional excessiveness. The imposition of a sentence, although within the statutory limit, may violate a defendant's right against excessive punishment. La. Const. art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La. 1979). A sentence violates the constitution if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when crime and punishment are viewed in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The district court has wide discretion to impose a sentence within the statutory limit and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
Curry's claim of a "total absence of compliance" with the sentencing guidelines is not supported by the record. The trial court ordered and reviewed a presentence investigation report ("PSI"); the court gave a fair summary of the offense, Curry's background and the sentencing guidelines. R. pp. 197-203. The court made special note that Curry, having committed "one of the most serious crimes," tried to rescind his prior inculpatory statement. *863 Curry also used unnecessary force to complete the robbery, knocking Tarver in the head several times and causing almost $2,000 in medical bills.
The court recognized that Curry was a 20-year old first felony offender but was unfavorably impressed with his extensive juvenile record. Curry's first arrest was in 1978, at age eight; he dropped out of eighth grade and had no work history because he spent so much time in detention facilities. Psychological tests showed he has a severe conduct disorder and exhibits a chronic and recalcitrant pattern of defying authority and acting out; Curry even admitted to the parole officer who prepared the PSI that he has been a discipline problem most of his life. At one point he was in maximum security at LTI; his only prior adult conviction was for simple escape from Ouachita Parish in 1987. In fact, several of his juvenile adjudications were for escape and running away. On the date of his arrest for the instant offense, he was also charged with one count of forgery. This charge is still pending.
Even though the trial court adequately complied with the sentencing guidelines, there is still the question of constitutional excessiveness in a 60-year sentence for a youthful first felony offender found guilty of armed robbery. The statutory range is a minimum of five and a maximum of 99 years at hard labor, all without benefit of parole, probation or suspension of sentence. La.R.S. 14:64B. The wide range indicates a legislative intent to grant the sentencing court discretion in gradating sentences to fit the unique circumstances of offender and offense. State v. Sepulvado, supra.
Armed robbery is a serious offense as it creates an atmosphere in which victim, defendant and bystanders may be injured or killed. Curry, however, did not fire his gun; while his conduct in bludgeoning Tarver was surely unnecessary, it was not as extreme as it could have been, with the prospect of shooting both victims. Curry's record, though unfavorable, is primarily a chronicle of escapes, with assorted charges of theft-related crimes. The instant offense is his first incident of a crime of violence against the person. Curry has a "dull average" intellectual function and various psychological problems, perhaps stemming from his frequent childhood moves and apparent lack of a permanent home base. He was 19 years old at the time of this offense. Sixty years without benefit for this defendant is tantamount to a life sentence and totally voids the possibility of rehabilitating the first felony offender. See State v. Dean, 438 So.2d 213 (La.1983); State v. Williams, 414 So.2d 371 (La.1982). While a substantial term of prison time is needed, we are constrained to find that under the circumstances, 60 years at hard labor without benefit is out of proportion to the offender and offense, and it shocks our sense of justice. The sentence must be vacated and the case remanded for resentencing.
In State v. Smith, supra, the Supreme Court affirmed a 60-year sentence for the getaway driver in a bank robbery. Evidence showed that Smith was actually the mastermind of the well-planned robbery, in which two shotgun blasts were fired and Smith himself was armed with an automatic rifle. After the robbery, Smith supervised his coconspirators in dividing the nearly $100,000 netted in the robbery. The reported case was Smith's second conviction for armed robbery; he also had a substantial criminal record. From the standpoint of the planning involved, amount stolen and firepower used, Smith's conduct in the reported case is obviously more serious than Curry's in the instant case. A substantial but lesser sentence is mandated for Curry.
In State v. Keleman, 444 So.2d 1328 (La.App.2d Cir.), writ denied 447 So.2d 1069 (1984), this court affirmed a 45-year sentence for a defendant who robbed a hardware store's female cashier and shot her in the head twice. The reported opinion does not mention Keleman's age or criminal history; however, he inflicted injuries much more serious than did Curry. On the facts presented, Keleman's conduct was more serious than Curry's and yet he received a considerably lighter sentence.
*864 Our review of truly comparable cases those of young first felony offenders with criminal records, found guilty of armed robberies in which the victims were not seriously injuredshows sentences of roughly half of the 60 years imposed herein. See State v. Thomas, 468 So.2d 592 (La.App.2d Cir.), writ denied 474 So.2d 1303 (1985) (25 years); State v. Selders, 520 So.2d 1227 (La.App. 5th Cir.1988) (30 years); State v. Patton, 478 So.2d 182 (La. App. 3d Cir.1985) (40 years). See also State v. Means, 486 So.2d 992 (La.App.2d Cir.1986) (30 years for an armed robber with no prior record but whose victim died of stab wounds).
Under the circumstances, the maximum sentence we could affirm for this offender and offense is 35 years at hard labor without benefit. The case is remanded for resentencing in accord with this opinion.
Finally, we have reviewed the entire record for error patent and find none. La. C.Cr.P. art. 920(2). Derrick Wayne Curry's conviction for armed robbery is affirmed. The sentence is vacated and the case remanded for resentencing in accord with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.