# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-970

**STATE OF LOUISIANA**

**VERSUS**

**RUFFIN STOKES**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-000681
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

**********

**PHYLLIS M. KEATY
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**SENTENCE VACATED AND REMANDED.**

**M. Bofill Duhe**
**District Attorney**
**W. Claire Howington**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana  70560**
**(337) 369-4420**
**Counsel for Appellee:**
        **State of Louisiana**

**Richard A. Spears**
**Attorney At Law**
**101 Taylor Street**
**New Iberia, Louisiana  70560**
**(337) 367-1960**
**Counsel for Defendant/Appellant:**
        **Ruffin Stokes**

**KEATY, Judge.**

On April 5, 2007, Defendant, Ruffin Stokes, was charged with armed robbery, a violation of La.R.S. 14:64. A jury trial commenced on February 8, 2010, following which Defendant was found guilty as charged. Defendant was sentenced on April 19, 2010, to seventy-five years at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant, pro se, timely filed a Motion to Reconsider Sentence. Several weeks later, on May 21, 2010, defense counsel filed a Motion to Reconsider Sentence or, Alternatively, Notice of Appeal. Following a July 30, 2010 hearing, the trial court denied Defendant's motions to reconsider sentence.[1] On June 1, 2016, Defendant filed a "Motion to Set Status Conference" to determine the status of the "unperfected appeal which was filed in this matter on May 21, 2010." At the conclusion of an August 10, 2016 hearing, the trial court granted Defendant an out-of-time appeal without objection by the State.

Defendant is now before this court asserting in his sole assignment of error that the trial court's imposition of seventy-five years imprisonment was constitutionally excessive. He argues that the trial court "did not sufficiently take into account mitigating factors nor did it appropriately tailor the sentence to the defendant for the crime committed." For the following reasons, we vacate Defendant's sentence and remand this matter to the trial court for resentencing.

**DISCUSSION**

The facts of this matter, which are uncontested for purposes of this appeal, were recited in the State's appellee brief:

> On December 21, 2006, Charles and Angela Fus[i]lier were working at their hair salon. Three men with their faces covered rushed into the salon, waiving guns and demanding money. Although his face

_____

[1] Defendant and his counsel were present at the July 30, 2010 hearing. The transcript reflects that no evidence was offered at the hearing and defense counsel did not orally pursue the request made in his motion that, should the motion for reconsideration be denied, Defendant "files a Notice of Appeal and seeks to have a return date set."

was covered, Charles and Angela recognized the defendant, Ruffin Stokes. The defendant pointed his gun at Angela and demanded money. Angela tried to give him what she had, but the defendant pointed the gun at Charles, who threw whatever cash he had in his pocket at the defendant. When Charles could not comply with the defendant's demand for more money, the defendant pointed his gun at Charles' and Angela's three-year-old son. Charles testified that he would rather have died than let the defendant kill his son. Charles tackled the defendant, and, during the struggle, the gun went off, firing a shot into the ceiling.

In *State v. James*, 15-414, pp. 2-4 (La.App. 3 Cir. 10/7/15), 175 So.3d 1176, 1178, *writs denied*, 15-2059 (La. 1/9/17), 208 So.3d 876, and 15-2044 (La. 1/9/17), 214 So.3d 858, this court discussed the standard for reviewing excessive sentence claims, as follows:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.
>
> *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied,* 01-838 (La.2/1/02), 808 So.2d 331 (citations omitted).
>
> . . . .
>
> Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:
>
>> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that

sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith,* 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied,* 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray,* 423 So.2d 1116 (La.1982); 175 so.3d 1176; *State v. Keeney,* 422 So.2d 1144 (La.1982); *State v. Duncan,* 420 So.2d 1105 (La.1982)). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982) (citing *State v. Jones*, 398 So.2d 1049 (La.1981)). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

In the current case, Defendant was convicted of armed robbery. Louisiana Revised Statutes 14:64 provides:

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

Defendant argues that the trial court abused its discretion when determining the appropriate length of his sentence because it did not take into consideration as mitigating circumstances that he was only twenty years old and a first-time felony offender when the armed robbery occurred. In brief, Defendant points out that although "[t]he trial court begins its analysis by noting the defendant's youth; he took it into consideration as an *aggravating* factor, stating that because of his youthfulness[, Defendant] would likely 'commit additional crimes.'" Defendant further notes that there is no indication in the record that the trial court considered

3

his lack of criminal history as a mitigating factor. Citing the supreme courts' pronouncement in *Quebedeaux*, 424 So.2d 1009, that maximum sentences are generally imposed upon the worst of offenders and the worst of offenses, Defendant argues that his seventy-five-year sentence is unconstitutionally excessive. Thus, he asks this court to vacate his sentence and remand this matter to the trial court for resentencing.

At the sentencing hearing, the State disclosed that Defendant had no adult criminal record before offering into evidence several Victim Impact Statements. Thereafter, defense counsel asked the trial court for mercy on Defendant because of his youth. The trial court then noted for the record:

> The Court, of course, heard all the testimony. And the testimony was that Mr. Stokes entered this place of business armed with a dangerous weapon, that at first the people who were in there who owned the business didn't think that it was serious because they apparently knew who he was. He had been there before. They knew him. They knew him from the neighborhood. He demanded money. He pointed the weapon. He threatened not only the adults, but also a very young child. He did so in a particularly cruel and heinous manner. He did it deliberately. He did it, the Court found, the jury found deliberately and with some planning.
>
> The Legislature has deemed armed robbery to be . . . one of the most serious crimes that is defined in our code, our Criminal Code and the penalty provision reads as follows: Whoever commits the crime of armed robbery shall be imprisoned at hard labor not less than ten years, nor more than ninety-nine (99) years without benefit of parole, probation or suspension of sentence.
>
> The Victim Impact Statements that I have received show how serious this was and how it has affected the victims of this crime.
>
> Mr. Stokes deserves a severe penalty. Having committed this crime at a young age with such deliberate and violent intent indicates to the Court that he is a serious offender who would likely commit additional crimes. For that reason[,] the Court is going to impose a sentence of seventy-five (75) years at hard labor without benefit of probation, parole or suspension of sentence. And in imposing this sentence the Court takes into consideration the provisions of Article 894, 895, 894.1, and finds that there is an undue risk that during any period of suspension of sentence or probation the defendant would commit another crime. He is in need of correctional treatment and a

4

custodial environment is suitable. A less[e]r sentence would deprecate the seriousness of the offense. The Court does find that this was a particularly heinous crime, that one or more persons could easily been killed as a result of this and that no other or no lesser sentence is appropriate in this case.

According to the trial transcript, Defendant threatened to shoot a three-year-old child because the parents did not come up with enough money. When the father attempted to wrestle the gun from Defendant, the gun discharged. Defendant does not dispute these facts. Fortunately, no one was injured, but Defendant's actions put the Fusiliers and several customers at their salon at serious risk. Defendant essentially terrorized the parents when he aimed the gun at their child and threatened to shoot him if they did not come up with more money.

In *State v. Jackson*, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, *writ denied*, 05-1740 (La. 2/10/06), 924 So.2d 162, the defendant was sentenced to sixty years on each of two counts of armed robbery to be served concurrently. The defendant complained that the sentences were excessive considering that he was nineteen at the time of the offenses and a first-time felony offender. Discussing whether the sentences were excessive under the circumstances, the fifth circuit stated:

> Sentences in excess of the minimum for armed robbery have been upheld despite the youth of the defendant and/or the lack of a prior criminal history. However, most of these cases involve more egregious circumstances than the present case.
>
> In *State v. Williams*, 04-697, p. 9-10 (La.App. 5 Cir. 11/30/04), 889 So.2d 1135, 1144-1145, a 22-year-old defendant received a 70 year sentence for armed robbery. The defendant robbed a bank while armed with a gun. In finding, the defendant's sentence was not constitutionally excessive, this Court noted the defendant had an extensive record of violent criminal activity, which was evidenced by the presentence investigative report.
>
> In *State v. Sanborn*, 02-257, p. 10-12 (La.App. 5 Cir. 10/16/02), 831 So.2d 320, 330-332, *writ denied*, 02-3130 (La.9/26/03), 854 So.2d 346, this Court upheld the defendant's 75 year sentence for armed robbery despite his youthful age of 25 and the fact he was a first time

5

offender. However, the defendant's crime was exceptionally brutal. The defendant shot, pistol whipped, and broke one of the victim's ankles during the commission of the crime.

In *State v. Palmer*, 00-0216 (La.App. 1 Cir.12/22/00), 775 So.2d 1231, *writs denied*, 01-0211 (La.1/11/02), 807 So.2d 224 and 01-1043 (La.1/11/02), 807 So.2d 229, the court upheld a 65 year sentence for armed robbery, although the defendant was a first felony offender. In that case, the defendant and a companion robbed a small grocery store while armed with guns. The defendant pointed his gun at a female customer's face and shot a male customer. He also threatened the store clerk with the gun.

In *State v. Lofton*, 96-1429 (La.App. 1 Cir. 3/27/97), 691 So.2d 1365, *writ denied*, 97-1124 (La.10/17/97), 701 So.2d 1331, the First Circuit upheld a 50 year sentence imposed for a first felony offender convicted of armed robbery. In that case, the defendant put a gun to the victim's head as a threat, and discharged the gun at least twice while the victim fled, but did not shoot the victim.

In *State v. Mitchell,* 26,718 (La.App. 2 Cir. 12/7/94), 647 So.2d 423, the Second Circuit upheld a 50 year sentence for a young offender, who robbed a pizza restaurant at gunpoint, shot the manager five times, and then repeatedly stabbed her.

In *State v. Smith*, 433 So.2d 688 (La.1983), the Louisiana Supreme Court affirmed a 60 year sentence for an armed robbery of a bank. The Supreme Court noted the defendant was the planner and organizing force of the robbery, in which victims were threatened and shots were fired. The court also noted the defendant had a substantial criminal past.

In the present case, the State introduced evidence at the sentencing hearing suggesting the defendant had been involved in several armed robberies for which he was not arrested. However, the trial court sentenced the defendant without consideration of this evidence, because it found the evidence was not clear and convincing. The trial court noted that the defendant engaged in a three day crime spree where, luckily, no one was killed.

In cases similar to the present one, where the defendant does not have a criminal history and the armed robbery did not involve the discharge of a weapon or any physical injury to the victims, the sentencing range is between 20-40 years.

In *State v. Price,* 04-812 (La.App. 5 Cir. 3/1/05), [909] So.2d [612], 2005 WL 474339, this Court found a 23-year-old defendant[']s 40 year sentence for armed robbery not to be excessive. In *Price*, the defendant robbed a Taco Bell while armed with a firearm. No shots were fired, but the defendant made one of the employees lie on the floor while he pointed a gun at them.

In *State v. Lewis*, 39,263 (La.App. 2 Cir. 1/26/05), 892 So.2d 702, the defendant, a first felony offender, received three concurrent 20 year sentences for the armed robbery of three employees at a bank. The defendant was armed with a BB gun.

In *State v. Roddy,* 33,112 (La.App. 2 Cir. 4/7/00), 756 So.2d 1272, *writ denied,* 00-1427 (La.5/11/01), 791 So.2d 1288, a 22-year-old first felony offender defendant received a 20 year sentence for armed robbery of a bank. The defendant was a passenger in the getaway car, but was aware of the plan to rob the bank. The presentence report noted the defendant had spent eight months in a juvenile detention center for a prior adjudication for armed robbery.

In *State v. Square,* 433 So.2d 104 (La.1983), the Louisiana Supreme Court upheld the defendant[']s 25 year sentence for a bank robbery. The defendant was 22 years old, was gainfully employed, lacked a prior criminal record, and there was an absence of personal injury to the victims of the robbery.

However, in this case, the defendant was charged with nine counts of armed robbery, and one count of conspiracy to commit armed robbery. He was tried on two counts of armed robbery and conspiracy to commit armed robbery, and found guilty. The sentencing range for armed robbery was 5 to 99 years, at the time the instant offenses were committed. The trial court considered the defendant[']s age and reviewed the sentencing guidelines before imposing a 60 year sentence for each count of armed robbery. The defendant's sentences of 60 years on each count of armed robbery, to be served concurrently, fall in that range.

The issue before us on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. We apply three factors in reviewing a trial court[']s sentencing discretion: the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes. We find in this case that the defendant[']s sentence is not constitutionally excessive. Although, the defendant was nineteen years old and a first time offender, he went on a three-day violent crime spree. While in cases with facts similar to the present one the sentencing range is between 20-40 years, the defendant's sentence of 60 years is within the statutory sentencing range (10-99 years) and does not shock our conscience. The defendant participated in an armed robbery in which victim, Adriene Bazile, testified that she had a gun pointed at her face, which placed her in fear of her life. Bazile testified that she was terrified during the robbery and fell on the floor crying when the robbers, including the defendant, left the bank. Victim, Laura Waguespack, testified that a gun was pointed at her during the robbery, which made her nervous and she feared for herself. Given these factors, we do not find the sentence imposed to be excessive.

*Id*. at 915-17 (footnote omitted). *See also State v. Curry*, 593 So.2d 860 (La.App. 2 Cir. 1992), wherein a sentence of sixty years at hard labor without benefit of parole, probation, or suspension of sentence for armed robbery was unconstitutionally excessive, even though the defendant had a lengthy juvenile record and bludgeoned the victim unnecessarily during the robbery. The defendant was a first-time felony offender, nineteen years old at time of the offense, and did not fire a gun during the robbery. The defendant's juvenile record was primarily a chronicle of escapes, and the offense was the first incident of a crime of violence against a person. The second circuit noted that "[s]ixty years without benefit for this defendant is tantamount to a life sentence and totally voids the possibility of rehabilitating the first felony offender." *Id*. at 863. After reviewing "comparable cases," the second circuit determined that "the maximum sentence [it] could affirm for this offender and offense [was] 35 years at hard labor without benefit[s]." *Id.* at 864

Considering the facts of this case and the above jurisprudence, we conclude that the seventy-five-year sentence on this twenty-year-old, first-time felony offender is constitutionally excessive and amounts to an abuse of the trial court's broad discretion. Accordingly, this matter will be remanded to the trial court for resentencing.

## DECREE

The sentence imposed on Defendant, Ruffin Stokes, for his conviction of armed robbery is constitutionally excessive. We vacate his sentence and remand this matter to the trial court for resentencing in accordance with this opinion.

**SENTENCE VACATED AND REMANDED.**

8