# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-414

**STATE OF LOUISIANA**

**VERSUS**

**MORRIS JAMES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 12-597
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Hon. J. Phillip Haney**
**Sixteenth Judicial District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Harry Daniels, III**
**Daniels & Washington**
**830 Main Street**
**Baton Rouge, LA 70802**
**(225) 346-6280**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Morris James**

**GREMILLION, Judge.**

The Defendant, James Morris, appeals his sentence for possession of cocaine as constitutionally excessive. For the reasons that follow, we affirm Defendant's sentence.

**FACTS**

On December 27, 2011, Defendant was observed by officers holding a conversation with a person known by them to be involved in illegal narcotics. Officers stopped the vehicle Defendant was driving for a traffic violation. During the stop, Defendant said he was coming from a different location than where he had just been seen, and he was nervous. Defendant granted the officers consent to search, and a pat-down revealed two bags of a substance that appeared to be cocaine in Defendant's pocket. Testing verified the substance was 55.8 grams of cocaine.

On April 16, 2012, Defendant was charged by bill of information with possession of cocaine between twenty-eight and two hundred grams, a violation of La.R.S. 40:967(F)(1)(a), and improper display of license plate, a violation of La.R.S. 47:507(B). On July 16, 2014, Defendant entered an open-ended plea to the possession charge, and the State agreed to not charge Defendant as a habitual offender pursuant to La.R.S. 15:529.1, et seq. The record reveals no disposition of the charge of improper display of license plate.

The trial court ordered a pre-sentence investigation (PSI). On December 3, 2014, the trial court sentenced Defendant to twenty-five years at hard labor and the minimum $50,000 fine. This sentence was designated to run concurrently with any other sentence Defendant may be serving.

On December 17, 2014, Defendant filed a motion to reconsider his sentence. He argued the sentence was excessive, because it was close to the maximum sentence he could have received, and he is not the worst kind of offender for whom maximum sentences are appropriate. The trial court denied the motion without a hearing. Defendant now appeals his sentence and argues that the sentence imposed by the trial court violates the Eighth Amendment of the Constitution of the United States and La. Const. art. I, § 20, as it is nothing more than cruel and unusual punishment and, thus, excessive, and that the trial court erred in denying his motion to reconsider his sentence.

**ANALYSIS**

We review all appeals for errors patent on the face of the record, pursuant to La.Code Crim.P. art. 920. Our review reveals no such errors.

At the sentencing hearing, Defendant's counsel acknowledged that Defendant had "a problem with drugs" and argued, "Jail won't correct that." He requested a minimal sentence and noted that family members were present and prepared to pay the fine.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Defendant was exposed to a sentence of five to thirty years at hard labor and a fine of $50,000 to $150,000. La.R.S. 40:967(F)(1)(a). Thus, he received a term in the upper range of the possible sentence for the offense. However, he received the minimum possible fine.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982) (citing *State v. Jones*, 398 So.2d 1049 (La.

1981)). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

The trial court noted that the PSI report indicated Defendant was a fourth felony offender. However, the present conviction was actually Defendant's fifth felony offense. Exhibits in the record show Defendant pled guilty to possession of cocaine on June 20, 1997, and was sentenced to serve five years at hard labor. The State agreed not to charge Defendant as a habitual offender and to *nolle prosequi* another unidentified charge.

On November 7, 2002, Defendant pled guilty to two counts of possession of cocaine. The State again agreed not to charge Defendant as a habitual offender. The trial court explained that Defendant was charged with one count of possession of cocaine and also charged with possession of cocaine with the intent to distribute; the distribution charge was amended to a second count of possession of cocaine. Defendant was sentenced to serve ten years at hard labor on each count, with the sentences to run concurrently.

The record also shows that Defendant was convicted of simple robbery in 1991, a crime of violence. The trial court noted that Defendant, at the arrest for the present offense, was in possession of "a substantial amount of cocaine, consistent with someone that might be using, but also consistent with someone that might have [been] involved in something other than using it, and possibly selling it."

Defendant received a very substantial benefit from his plea. The trial court noted that the State agreed not to bill Defendant as a habitual felony offender. Had the State obtained a habitual-offender adjudication, Defendant would have been exposed to a possible life sentence as a fifth felony offender. La.R.S. 15:529.1(A)(4)(a). The trial court indicated that it considered "specifically the

4

criminal history that has been detailed in the pre-sentence investigation" and mitigating and aggravating circumstances.

The defendant in *State v. Lewis*, 48,373 (La.App. 2 Cir. 9/25/13), 125 So.3d 482, was convicted of violating La.R.S. 40:967(F)(1)(a) and sentenced to twenty-five years of imprisonment, with the first five years without benefit of parole, probation, or suspension of sentence, and a fine of $50,000. He was also convicted of distribution of crack cocaine and sentenced to another twenty-five-year term, with the first two years without benefit of parole, probation, or suspension of sentence and an additional $50,000 fine. The sentences were to run concurrently.

On appeal, the defendant argued the sentences were excessive because the trial court imposed a near-maximum term on each count without benefit of a PSI. Although the second circuit "caution[ed] the trial court not to sentence a defendant in the absence of a PSI and a sentencing hearing[,]" it found the "imposed sentence was not harsh" where the maximum sentences would have resulted in a sixty-year imprisonment and $200,000 fine. *Id.* at 492.

In *State v. Montgomery*, 42,835 (La.App. 2 Cir. 1/9/08), 974 So.2d 110, the defendant was convicted of possession of cocaine in excess of twenty-eight grams and conspiracy to distribute cocaine. He had six prior felony convictions including assault and drug crimes. The second circuit noted that the defendant failed to benefit from the court's prior leniency and previous attempts at rehabilitation during incarceration. The appellate court also noted his continued involvement with drug activity justified the near-maximum sentence of twenty-eight years at hard labor for possession of cocaine and was not excessive.

Here, Defendant has a long history of drug abuse and offenses. He was in possession of a large amount of cocaine. He has continued to be involved with

5

drugs for almost twenty years. The courts have previously granted him leniency, and he has not benefited from it. He received another substantial benefit from this plea agreement because, as a fifth felony offender, he would have been exposed to a potential sentence of life imprisonment. La.R.S. 15:529.1(A)(4)(a). The trial court considered Defendant's PSI report, his age, and his criminal history before imposing sentence. The trial court did not abuse its discretion in sentencing Defendant to twenty-five years at hard labor and fining him $50,000.

As his second assignment of error, Defendant alleged that the trial court erred in denying his Motion to Reconsider Sentence. However, Defendant failed to brief that assignment, and it is deemed abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4; *State v. Marinello*, 09-1260 (La.App. 3 Cir. 10/6/10), 49 So.3d 488, *writ denied*, 10-2494 (La. 3/25/11), 61 So.3d 660, *and writ denied,* 10-2534 (La. 3/25/11), 61 So.3d 661.

## DECREE

The sentence of twenty-five years at hard labor and fine of $50,000 is affirmed.

**AFFIRMED.**